WINDSOR,
February,
1843.

Powers
v.
Southgate
et ux.

---

JOHN D. POWERS *v.* JAMES SOUTHGATE and WIFE.

A promise by the husband, that he will see a debt paid, which the wife owed when sole, and which is barred by the statute of limitations, will not remove the statute bar, in a suit against husband and wife.

THIS was an action of book account, appealed from a jus= tice of the peace. Upon its entry in the county court, a judgment to account was rendered, and an auditor ap= pointed.

It appeared, from the auditor's report, that the plaintiff exhibited an account against the defendants for medical ser= vices rendered to the wife of said Southgate, when sole, more than six years before the bringing of the suit ; that the defendants plead the statute of limitations, to which the plaintiff replied a promise by the said James Southgate,

Windsor,
February,
1843.

Powers
v.
Southgate
et ux.

within six years and after the marriage, to pay the amount of the account; that the auditor admitted the testimony offered to prove said promise, and that the facts proved by the testimony were —

" That a little over two years ago, the witness, as the agent ' of the plaintiff, met the said James Southgate, and told ' him that the plaintiff had a claim against his (Southgate's) ' wife, and asked said Southgate if he would see that it was ' paid; and said Southgate said he would, and said that he ' would pay it.   The witness said to Southgate — " if you ' will say that the debt shall be paid, that is enough "; and ' said Southgate said he would."

The auditor, upon this statement of facts, submitted to the court whether the plaintiff ought to recover.

The court rendered judgment for the defendants.   The plaintiff excepted.

*O. P. Chandler*, for plaintiff.

It may be considered as now settled, that the statute of limitations contemplates the contract as still subsisting, though the remedy has been taken away, — establishing a legal presumption of payment, and a loss of the means of defence, which presumption may be rebutted by the acknowledgment of the party; and this is sufficient, though it be a mere admission, made in the presence of a third person. *Quantock* v. *England*, 5 Burr. 2630; *Whitney* v. *Bigelow*, 4 Pick. 113; *Patterson* v. *Choat*, 7 Wend. 445; *Baxter* v. *Penniman*, 8 Mass. 134;  *Gailer* v. *Grinnell*, 2 Aik 352; *Olcott* v. *Scales*, 3 Vt. 176;  *Barton* v. *Bellany*, 7 Vt. 56; *Phelps* v. *Stewart*, 12 Vt. 264; *Alexander* v. *Hutchinson*, Hank's R. 535.

If any new promise, or direct undertaking were necessary, to constitute the foundation for the suit, as the cause of action, it is admitted that such promise cannot be predicated of the wife, during coverture, and the action being joint it must fail; and on this ground, alone, did the court put the question in the case of *Pittam* v. *Foster et al.*, 8 Com. L. 67.

The admission by the husband revives the debt as to both, for the reason that the admission of one of several, having a community of interest, will bind all.   Thus, the admission

Windsor,
February,
1843.

Powers
*v*
Southgate
*et ux.*

of one of two parties in a suit, one of two joint grantors, one of two joint executors, one of several joint debtors, composing a voluntary association, binds the whole. 7 Wend. 125; *Johnson* v. *Beardsley*, 15 Johns. R. 3 ; *White* v. *Hale*, 3 Pick. 292. Admission by one partner, after dissolution, is sufficient to take the case out of the statute, though not to establish an original liability. 7 Wend. 441.

*Payment* by one of several, on a joint and several note, takes the case out of the statute. *Burleigh* v. *Scott*, 15 Com. L. 151 ; *Pease* v. *Hirst*, 21 Com. L. 40 ; *Howard* v. *Shumway*, 13 Vt. 358. During the coverture, the debt is, in fact, the debt of the husband, and the wife is joined to save the remedies against her, in the event of his decease. In *Lockwood* v. *Luther*, 27 Com. Law. 82, it is held, that a discharge of the husband under the insolvent law, discharges the wife, and that, during coverture, the debt is that of the husband. During coverture, the identity of the wife is so far merged in that of the husband that he acts for her in respect to her liabilities.

*Tracy & Converse*, for defendants.

I. Unless the husband's promise revives the debt against the wife, this suit cannot be sustained. And upon what principle can it revive the debt, as against her ? Obviously no other, than that he acted as her agent. But she could not, herself, make a promise which would bind her ; and therefore, there could not be, either expressly or by implication, any delegation of authority by her to another to do it. And besides, if the husband had power, as the agent of the wife, to bind her, the promise should have been made in her name. But it was made neither in her name, nor by her authority.

II. But this case has been likened to that of partners or joint signers of notes, where the acknowledgement by one, revives the debt against all. There is no analogy between the cases. If the husband and wife are partners, then the wife should be holden for all the debts he contracts, and be responsible for all the promises he makes during coverture. He, also, should be bound by her acknowledgement of a debt against him. The wife, after marriage, has no control over the property of her husband ; and however much she

Windsor,
February,
1843.

Powers
v.
Southgate
et ux.

brought into the *partnership concern,* she has the control of none of it — cannot even take it to pay her own debts, without her husband's consent; neither can she control any property she acquires during coverture. If the doctrine contended for on the other side, is correct, then the husband could, by his own act, entail debts upon his wife, when at the same time, she could command no property with which to pay them, although the husband may possess thousands, actually received from her.

We are unable to find any adjudged case to sustain this suit. The case of *Pittam* v. *Foster,* 8 Com. L. R. is against it.

The opinion of the court was delivered by

Bennett, J. — The question presented for our consideration is, whether the declaration of Southgate to the agent of the plaintiff, that he would see the amount paid, removed the statute bar, which had then run upon the account. To enable the plaintiff to recover in this action, the bar must be removed, both as to husband and wife. In *Whitcomb* v. *Whitney,* Doug. R. 651, it was held, that the admission of one of two joint and several promisors, took the case out of the statute as to both. Though the soundness of this case has been frequently questioned, and is opposed to a case in Ventris, yet it has been followed by subsequent cases in England, and the same case has been recognised, as good authority in this state, in the case of *Joslyn* v. *Smith,* 13 Vt. R. 353. It has been frequently said by judges, however, that it ought not to be extended. The principle upon which part payment, or other admission of one, is allowed to affect other parties jointly indebted with the person who makes the admission, is the community of interest between them, by reason of which the act of one, in legal contemplation, is the act of all. I am not aware that it has ever been attempted to extend this principle to a case where the promise or obligation was only *several,* and not either joint, or joint and several. Though the obligation may have been *joint,* yet, when the community of interest has once *ceased,* the principle *ceases* to have application. Hence, in the case of *Atkins* v. *Tredgold,* 9 C. L. R. 12, it was held, that after the death of one of two joint, or joint and several contractors,

his executors cannot be prejudiced or made liable, by a part payment by the survivor, after the lapse of six years.

If the promise of the husband, that he would see the debt paid, removes the statute bar; as against husband and wife, it must have the same effect if the wife be sued alone for the debt, upon the death of the husband. But the husband and wife are not *joint* contractors. The debt is not a *joint* debt against husband and wife; but remains, after marriage, the debt of the wife. The husband is not made chargeable for the debt of the wife during coverture, upon the principle that the marriage makes it his debt. If he dies first, the debt does not survive against his representatives, whether the husband, by the marriage, acquired a property with the wife or not. The reason assigned in the books why the husband, while living, should be a party to the suit with the wife is, that judgment may be against both, as the wife cannot be imprisoned upon a civil process alone, without a violation of the marital rights. For myself, then, I think it is clear, that the husband's admission cannot remove the bar as to the wife, upon the ground that they are joint promisors or debtors.

But it may be thought that the husband acts as the agent of the wife, and that, consequently, his admissions should bind the wife. But whence does he derive his authority? It is not, I think, one of the marital rights, flowing from the marriage. These are all well defined ; and it has never been heard of, that among these is to be found the right in the husband, by his admissions, to remove a statute bar, which, otherwise, might avail the wife, not only during the husband's liability, but after that may have ceased.

While under coverture, the wife can make no promise which will be obligatory upon her ; and much less can she appoint an agent to make one for her. In the case of *Axson* v. *Blakely*, 2 McCord's R. 5, it was expresssly adjudged that the promise of the wife, after marriage, to pay a debt contracted while sole, will not take the case out of the statute. So in *Pittam* v. *Foster & Norris and his wife*, 8 C. L. R. 67. Foster, and the wife of Norris, while sole, had executed a joint note, and it was held that the admissions of Foster, after the intermarriage of Norris and his wife, would not take the case out of the statute as against Norris and his

wife.   The case proceeds upon the ground that a promise by the wife, made after marriage, could not be available; and consequently she cannot be prejudiced by the admissions of her co-contractor.   To take a case out of the statute, there must be an admission of the debt, accompanied with a willingness to pay it, or at least, not with an unwillingness. As an individual member of this court, I think that Southgate had no authority, either, as derived from a community of interest, as in the case of joint contractors, or from the marriage tie, or from any authority subsequently, by implication, derived from the wife, to make any admissions which should defeat the wife of the benefit of the statute, if sued after the death of her husband, or the husband and wife when both are sued for her debt, as is now the case.   These grounds are sufficient, in my view, for affirming the judgment of the county court.

But, as the auditor finds the facts, Southgate did not undertake or promise, for the wife, or for himself and his wife, to see the debt paid; but it is, by its very terms, his sole promise.   Some of my brethren, who concur in the result, think the case should stand upon this ground.   If it should be objected, as a result of this doctrine, that it creates difficulties in suing, where a feme covert is debtor, and the statute has run; it is, in my opinion, a sufficient answer to such objection to say that that is no reason why a statute, which has eminently been styled a statute of repose, and which had its foundation in part, as it is said, in the civil law, as a punishment for the negligence of the creditor, should not have its effect.

The plaintiff might sue at an earlier day.   In the case before us the claim is of some fifteen years standing.

It is possible an action might have been maintained on the promise, against Southgate alone; but this is a point not before the court, and no opinion is expressed upon it.

Judgment of the county court is affirmed.