## Capital Lumber & Mfg. Co. v. Crutcher, et al.

(Decided October 25, 1910.)

### Appeal from Franklin Circuit Court.

Appeals—Consideration by Appellate Court—When Reversible—Error Reasonably Clear.—It is the duty of this court to reverse a chancellor on a question of fact only when it is reasonably clear from the evidence that an error had been committed, and in all cases where there is grave doubt, to affirm.

ADOLPH DAVIS and GUY H. BRIGGS for appellant.

FRANK CHINN for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On February 18, 1907, Scott & Goin, Contractors, made and executed a contract with Lafayette Crutcher, one of the appellees, whereby they undertook and agreed to erect for him a two story, frame house on 2nd Street in Frankfort, Ky., at the price of $3,817.00. The contractors were to furnish all the material with which to erect the building. They completed the building according to the contract, and Crutcher paid them the whole of the contract price. Appellant, Capital Lumber & Mfg. Co., furnished Scott & Goin, the contractors, the lumber with which to build the house, at the price of about $1,500.00. Scott & Goin, it is alleged, paid only a portion thereof and left a balance of $867.25 unpaid. Appellant filed a statement in the county clerk's office for the purpose of enforcing a materialman's lien on the house and lot, and in due time instituted this action to subject the property to the payment of the claim. Appellees, who are husband and wife, answered and denied that appellant had a lien upon the property; that the title to the lot upon which the house was built, was in the wife; that she made no contract of any kind with Scott & Goin or with appellant for the improvement thereon, and alleged that the husband had paid the contract price for the erection of the house, to the contractors with the knowledge and directions of appellant. This was denied by reply.

After hearing the evidence, the court dismissed appellant's petition. Appellant claims that the case of Tarr & Templin, et al. v. Muir, et al., 107 Ky. 283 (21 Ky. Law Rep. 988), Johnson, et al. v. Bush & Curran,

et al., 23 Ky. Law Rep. 1399, and Jefferson, et al. v. Hopson Bros., 27 Ky. Law Rep. 140, decide that it is not necessary for a married woman to sign a writing for the improvement of her property, before her property can be made liable therefor. These opinions were rendered upon the assumption by the court that section 2128, Kentucky Statutes, which increased the powers and rights of married women, repealed that part of section 2479 requiring a writing signed by a married woman before her property could be made liable for the improvement of it, as this last section was in existence previous to the enactment of section 2128. In the cases referred to, there was a strong equity in favor of the materialmen; such as knowledge of the married woman that the material was being furnished and her acceptance thereof. It is shown in the case at bar without contradition that the wife had nothing to do with making the contract with Scott & Goin nor with obtaining the material from appellant. It is not even shown that she knew such a contract was made by her husband or that the lumber which went into the house was furnished by appellant. The only theory upon which the wife's property could be made liable, is that the house which was built of the lumber furnished by appellant, is located upon her lot. We deem it unnecessary to decide whether or not the wife's property can be made liable under the facts of this case, as we feel impelled to affirm the case upon the issue of payment by Mr. Crutcher to the contractors with the knowledge and directions of appellant. Crutcher testified positively that while the building was being erected, and after he had made a few payments to the contractors, he met the president of appellant and told him what he had done and asked him if it would be all right to continue paying them, or if he should pay him for the lumber furnished by appellant; that the president of the company said go ahead and pay the contractors; that they were perfectly good to him. The president of appellant testified, when first asked with reference to this matter, that he did not remember such a conversation; but further along in his deposition said that he did not make such a statement. Crutcher further testified that a few days prior to May 18, 1907, at a time when the house was being built, the president of appellant came to him and asked for $500, saying that the company was in need of money to pay for timber one of its agents was

buying. Crutcher said to him, "I am paying the contractors; go see them and get one of them to come to me for the money and let them pay it to you." He stated that one of the contractors did come to him on the 18th, for $500 and he gave him a check for that amount, and made it show upon its face that it was for lumber furnished by appellant. Goin testified to this effect and stated that he deposited the $500 to the credit of his firm and gave the president of appellant a check for a like amount.

Upon this evidence we do not feel authorized to disturb the judgment of the lower court in finding that the payments by Crutcher for the erection of the building, were made with the knowledge and consent of appellant. It is the duty of this court to reverse a chancellor on a question of fact only when it is reasonably clear from the evidence that an error had been committed and in all cases where there is grave doubt, to affirm. There is no contradiction in the testimony that Crutcher paid the full contract price for the erection of the house.

For these reasons, the judgment of the lower court is affirmed.