## Hines, et al. v. Hollingsworth-Young Hardware Company.

(Decided December 7, 1917.)

## Appeal from Warren Circuit Court.

Mechanics' Liens—Trusts.—If the terms of the instrument, which creates a trust in a dwelling house, are such as to authorize the trustee to fully manage and control the dwelling house, a mechanics' lien cannot be imposed upon it, by contract with the cestui que trustent, alone, and without a contract with the trustee, and without his consent and approval.

W. B. GAINES and W. PERRY DRAKE for appellants.

GUY H. HERDMAN for appellees.

Opinion of the Court by Judge Hurt—Reversing.

This action was instituted in the Warren circuit court by the appellees, C. S. Hollingsworth and Clive Young, who were partners under the firm name of Hollingsworth-Young Hardware Company, for a personal judgment against Josie U. Hines, and to enforce a materialman's lien, under chapter 79, Kentucky Statutes, upon her house and lot, in the city of Bowling Green. By an amended petition, Samuel D. Hines, the husband of appellant, Josie U. Hines, and C. U. McElroy, trustee, holding the legal title to the property, for the use and benefit of Josie U. Hines, were made parties. The petition simply contented itself with alleging, that C. U. McElroy was the trustee, who held the legal title to the property under a deed executed to a former trustee, and was of record in the office of the clerk of the county court of the county. The deed was not filed with the record, nor was there any showing, on the part of the plaintiffs, that the deed under which it was held, was such in its terms, as would permit the placing of a materialman's lien upon the property by contract, either with the trustee or with the *cestui que trustent*. Samuel D. Hines and C. U. McElroy, the trustee, offered separate answers, but they do not seem ever to have been filed. The record merely shows that the answers were offered, and for what reason they were not filed does not appear, as there were no objections appearing of record to their being filed. Not having been filed, they were not replied to nor was there any further mention of them in the record. The appellees, who were the plaintiffs below, stated that by a contract made with Josie U. Hines, by and through her husband, Samuel D. Hines, as her agent, and by her knowledge and consent, they furnished paints to the amount of one hundred and twenty-three dollars, which were used in improving the dwelling house in which she lived. Further allegations were made to the effect, that they had filed in due time and caused to be recorded in the proper office, the statement of their lien required by chapter 79, *supra*, and this does not seem to be controverted. They asked for an enforcement of their lien, and a sale of the house and grounds, upon which it stood, in satisfaction of their debt.

Josie U. Hines filed an answer and amended answer, in which she denied that any contract had been made with her for furnishing the paints by the appellees, and that same were not furnished by them with her knowledge and

consent, and that she had never agreed or promised to pay for them, and that same were not used upon the property with her consent, and further, that Mrs. Meriwether had, by will, devised to a trustee, for her use and benefit, a certain sum of money, and that in accordance with the terms of the will, which created the trust, the real property was purchased and conveyed by a deed to Warner U. Grider, the trustee, for her use and benefit, and that Grider, having died, C. U. McElroy was duly appointed such trustee, and was the holder of the legal title to the property under the trust deed, which had been executed by the vendors of the property to the former trustee, and that it was in accordance with the terms of the will of the testatrix, who had created the trust. The affirmative allegations in her answer and amended answer were not denied.

The evidence for the appellees tended to prove, that they knew, that Mrs. Hines was the owner of the property, and that in furnishing the paints, they did same upon her credit and charged the same to her upon their accounts; although the contract and arrangement to furnish the paints were entered into by one Jarrett, who represented Peaslee Gaulbert Company, with Samuel D. Hines. It seems, that the appellees were the parties, who were authorized to furnish the paints manufactured by Peaslee Gaulbert Company, in Bowling Green, and that Jarrett was an agent of the Peaslee Gaulbert Company, who had authority to make contracts for the sale of paints, but who sold them through the appellees. The evidence offered for appellants tended to prove, that the paints were contracted for by Samuel D. Hines, upon his personal credit, and that he notified Jarrett, with whom he made the contract, that the materials were to be charged to him and were to be used upon a house, the title, to which, was held by a trustee for Josie U. Hines, but, that he requested Jarrett to sell him the goods through the agency of the appellees, and thereafter he notified them of such facts. It was, also, proven for the appellants, that Grider, the trustee, who was then living, had furnished a portion of the money to be used in improving the house, but had, furthermore, refused to consent that the improvements should be made upon the credit of Mrs. Hines, or that she should be, in anywise, responsible for them, and that the property should not be incumbered on that account. The lot upon which the house stood had a front of one hundred feet, and two

dwelling houses stood thereon, but it was alleged by the plaintiffs that the property was not divisible.

The circuit court adjudged that the appellees recover a personal judgment against Josie U. Hines for the amount of their claim, and, also, that they had a lien, to secure its payment, upon the house upon which the materials were used, and the lands used with it, and adjudged a sale of a sufficiency of the lands to satisfy the judgment. From this judgment, Josie U. Hines and her trustee have appealed.

It is not considered necessary to determine whether a state of case is presented by the evidence, which would justify the rendition of a personal judgment against Josie U. Hines for the claim sued on and a judgment enforcing a lien upon her property, if she was the holder of the title to it, in accordance with the principles adhered to in Tarr & Templin v. Muir, etc., 107 Ky. 283; Johnson v. Bush, 65 S. W. 158, 23 R. 1399; Jefferson v. Hopson Bros., 27 R. 140, and Salisbury, et al., v. Wellman Electrical Co., 173 Ky. 462. In those cases, where a married woman and her property were held for improvements placed upon the property by mechanics and materialmen, under contracts made with the husband, it was done upon the principle, that if a married woman accepts work and materials used upon her property, a promise to pay for them is implied upon her part. The implied promise to pay for them upon her part arises out of the fact, that she was the owner of the property, and had authority under law to create a materialman's and mechanic's lien upon the property by her own contract, and that the work and materials were beneficial to the property, and if the contract was made by the husband, and the improvements made upon the property with her knowledge and by her consent, it was implied, that she ratified the contract of her husband, and thereby promised and agreed to pay for them. Under such circumstances, however, if it could be shown, that the husband had contracted to have the improvements made upon his own credit, and that the mechanics and material men should not look to the lien upon the property to secure their debt, no implied promise arose to bind the wife, and no lien could be placed upon her property. In each of those cases, the married woman was the fee simple title holder of the property upon which the improvements were made, and had authority to create a lien upon them by contract for improvements upon the property.

As a general rule, a mechanic's or materialman's lien may be imposed upon whatever interest, the individual, who contracts for the work or materials, may own in the property, upon which the work is done or the materials used, whether the interest of such individual is a legal or equitable one. The lien may attach to an equitable interest in property, unless there is some condition in the title, under which the property is held, which prohibits the person, who owns the interest, to place the lien upon it. A trustee, having full power to manage, improve and repair the property, may usually do so, where the property is a trust estate, but the trustee of an express trust cannot create a mechanic's lien upon the trust estate, unless a power is conferred upon him by a statute or by a court of competent jurisdiction, or there is something in the instrument, which created the trust, which would empower him to do so. 18 R. C. L. 905; 27 Cyc 54. Evidently, a *cestui que trustent,* who has not the legal title to the property, and is denied its control and management by the trust provisions, should not be able to supersede the trustee and title holder in its management and control. The ownership required by statute, which authorizes mechanic's liens, usually, means the owner of any interest in property, which the court may have power to order to be sold, but, manifestly, some limitations and restrictions must exist upon the power of the *cestui que trustent* to create such liens upon the trust estate. It is, also, a rule, which applies to mechanic's liens, that the lien attaches only to the interest of the person, who creates the lien, and only his interest can be subjected to a sale to satisfy the lien. It is admitted, in the instant case, that the interest of Mrs. Hines, in the property upon which it is sought to enforce the lien, is an equitable one—that of a *cestui que trustent.* The legal title to the property is in the trustee, with whom it is not contended that any contract was made for the improvement of the property, and therefore the legal title cannot be subjected to the lien, in any event, as the judgment attempts to do. The duty of ascertaining the nature of the interest and the title of the person who contracts to have the work done or materials used upon property, which might be the basis of a material man's lien, and to ascertain whether such person was authorized to encumber it with such lien, is imposed upon the one furnishing the materials, or else he will do so, at his risk. It is, likewise, necessary for the one seeking to enforce a mechanic's or materialman's lien, before he can suc-

ceed in having an enforcement of the lien, to demonstrate to the court, that the property is such that a lien may be imposed upon it, and that the owner of the interest sought to be subjected was authorized to create such a lien upon it. Ordinarily and usually, the reason for placing such property, as a dwelling, in the hands of a trustee, is, for the purpose of preventing the *cestui que trustent* from disposing of it through a poor judgment, and to protect him against the designs and suggestions of improvident and imprudent friends, as well as enemies, and against his own bad judgment and extravagance. For such reason, its management and control is entrusted to the trustee, instead of the *cestui que trustent*. If the terms of the instrument, which creates the trust, are such, that its management and control, and authority to improve it, are given to the trustee, the *cestui que trustent* is without power to encumber it by a mechanic's or materialman's lien. In such states of case, if the *cestui que trustent* can, with impunity, and without the consent and approval of the trustee, create liens of any kind upon it, the property may be sacrificed and the purposes of the trust defeated, and the trustee rendered impotent to execute the trust, and it would enable the *cestui que trustent* to overthrow the authority of the trustee, and the very thing would happen, which the trustor undertook to prevent. Southern National Life Insurance Co. v. Ford's Admr., 151 Ky. 480. Neither the deed to the trustee nor the will, which created the trust are before us, and hence, we cannot determine whether the trustee has authority, without the aid of a court, to impose a mechanic's lien upon the property, or whether he can do so at all, nor can the authority of the *cestui que trustent* in the premises, be determined. The petition, however, admits and the answer avers, and of which averment there is no denial, that the title to the property is in a trustee, and with whom it is not pretended that the appellees had any contract, and from the record it does not appear that there are any restrictions upon the authority of the trustee to manage and control the property. As the record now appears, such a lien as is sought to be enforced herein cannot be imposed upon the property by a contract with the *cestui que trustent*, alone, and without a contract with the trustee, or, at least, by his consent and approval; and Mrs. Hines thus being without authority to create such a lien upon the property, an implied promise cannot be raised from her ownership of

an interest in the property, and her acquiesence in the use of the materials upon the property, to pay for them.

The question relating to the sufficiency of the description of the property adjudged to be sold, for apparent reasons, is not now necessary to be determined.

The judgment is therefore reversed and cause remanded for proceedings consistent with this opinion.