## Mingo Lime and Lumber Company v. Parsley, et al.

(Decided February 16, 1923.)

### Appeal from Martin Circuit Court.

1. Mechanics'. Liens—Married Women.—The enactment in 1894 of section 2128 of the Kentucky Statutes, which is a part of what is known as the "Married Woman's Act," had the effect to repeal sec-

tion 2479 of the statutes, which was enacted in 1893 and is a part of our "mechanic's lien law," in so far as the latter section requires the contract to be in writing and signed by the wife for the improvement of her property before a lien may be asserted against it.

2. Mechanics' Liens—Married Women—Capacity to Contract.—Section 2128 of our statutes expressly empowered the wife to make certain contracts therein mentioned, among which was the improvement of her property, and to sue and be sued upon them as though she was a single woman. It is, therefore, held that one suing upon such a contract may obtain a personal judgment against her.

KIRK & KIRK for appellant.

A. COPLEY and W. R. McCOY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Mingo Lime and Lumber Company, is a corporation located at Williamson, W. Va., and was engaged at the time of the transaction here involved in the business of wholesaleing and retailing lumber and other building material. Appellce, one of the defendants below, Effie Parsley, owned a vacant lot in the village of Warfield, Martin county, Kentucky. In the summer of 1906, W. T. Parsley, the husband of Effie Parsley, purchased from plaintiff lumber and other building material to an amount exceeding $200.00, with which, and other material, a dwelling house was constructed on the wife's lot in Warfield. Payments were made on the account until it was reduced to $110.85. In due time and in the proper manner plaintiff took the necessary steps to perfect, and to create constructive notice of, a materialman's lien as provided by chapter 79 of the Kentucky Statutes, which was originally enacted on February 25, 1893. This equity action was filed in the Martin circuit court by plaintiff against Mrs. Parsley, her husband, and others, who in the meantime had purchased the house and lot from them, to enforce that lien, and the only defense interposed was that Mrs. Parsley, who owned the lot and who was a married woman at the time, did not herself or by agent contract for the material in writing signed by her, and that under the provisions of section 2479 of the statutes, which is a part of our mechanics' lien law, no lien could be asserted against her property, unless the material was furnished "under a written contract signed by her." The court, upon final

submission, sustained that plea and dismissed the petition, to reverse which plaintiff prosecutes this appeal.

The section relied on (2479) was enacted in 1893, and it says: "The provisions of the preceding sections shall apply to and may be enforced against a married woman and property owned by her, if the service or labor was performed or the material furnished under a written contract signed by her." In the case of Webster v. Tattershall, 18 Ky. L. R. 439, it was held by this court, in an opinion written by Judge Pryor, that the section was mandatory, and that statutes designed to create liens on property should be at least substantially complied with, since it is only by virtue of their terms that the right to the lien can be acquired. The contract in that case for the furnishing of the material was entered into on July 27, 1893 (a fact not recited in the opinion, but learned by us through an examination of the record), by the husband alone, and the wife made no contract therefor either orally or in writing. No statute was then in existence which in the least detracted from the mandatory terms of the section, *supra,* and there was no other course for this court to follow other than the one it did in that opinion.

In 1894, by an act passed March 15th of that year, commonly known as the "Weisenger" or "Married Woman's Act," it was provided, in what is now section 2128 of the Kentucky Statutes, that a married woman "shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, *and make contracts for the improvement thereof.*" (Our italics.) Following the enactment of the last mentioned statute the case of Tarr v. Muir, 107 Ky. 283, came before this court, and it was a case the facts in which were substantially the same as those in the Webster case and the same as those in this case, except, perhaps, in that case the husband himself signed his wife's name to the contract for the material that went into the building on her lot. However, the court did not in its opinion attach any importance to that fact, since it is therein said: "In our opinion, it is not of much consequence whether the signing of her name was with or without her authority." And it was held that the decisions of this court, rendered prior to that time and before the enactment of section 2128, were not applicable to the facts of that case and the lien upon the wife's property was decreed.

Later, this court in the case of Johnson v. Bush, et al., 23 Ky. L. R. 1399, had the same question before it, and it was held that "it was wholly immaterial whether the contract was in writing or not. If the contract was verbal, the lien attached;" and, under the doctrine of the Muir case, the lien was enforced.

In the case of Ware v. Long, 24 Ky. L. R. 696, a lien against the wife's property was enforced where the contract was in writing and made with and signed by the husband alone, and the court held that, under the provisions of section 2128, the wife was authorized to incur the lien without a written contract signed by her.

In the case of Jefferson v. Hopson Bros., 27 Ky. L. R. 140, the wife's property was improved under a contract made with the husband alone. The suit was to enforce a lien against the wife's property for material furnished, and the same defense was made as is done here, and the court, after referring to the Muir and Johnson cases, *supra,* said that it was therein "decided that section 2128 of the Kentucky Statutes had the effect to repeal that part of section 2479 which required a written contract signed by a married woman before her property could be placed in lien for improvements made thereon; that since the enactment of section 2128, concerning the rights and liabilities of married women, she had the same power to create liens upon her property for the improvement thereof as possessed by unmarried women or men." The same ruling, under substantially the same facts, was held in the case of Salisbury v. Wellman Electric Co., 173 Ky. 462, and we feel ourselves bound by the decisions of this court since the Webster case, all of which hold, as we have seen, that section 2128, enacted more than a year after that of section 2479, had the effect to repeal the latter section requiring a written contract signed by the wife before a lien could attach to her property for material and labor placed thereon.

It is true that the opinions state that under possible states of case the lien would be denied against the wife, among which would be where the improvement was made without her knowledge or consent, and in which she in no manner participated; but they all hold that, not only may a lien be fastened on her property under a written contract made by her husband as agent, but likewise may it be done under an oral contract made by him as her agent, and that when he contracts for the material or labor, which the wife afterwards accepts and consents to,

she thereby ratifies the contract of her husband although he had no express authority to make it in the first instance, and which holding is eminently just and comports with sound equitable principles.

The opinions in the two cases of Capital Lumber and Manufacturing Co. v. Crutcher, 140 Ky. 394, and Hines, et al. v. Hollingsworth-Young Hardware Co., 178 Ky. 233, 4 A. L. R. 1018, do not militate in the least against the other opinions referred to above as a casual reading of them will demonstrate. The Crutcher case went off on the point that the plaintiff who furnished the material to the contractor agreed and consented that the contractee whose property was improved might pay the contractor the full contract price, while the point involved in the Hines case was the right of a trustee who held the legal title to improve the property of his *cestui qui trust,* and create a lien therefor on the latter's equitable interest.

Were the question before us for the first time since the enactment of section 2128, we might be inclined to a different opinion concerning the implied repeal of section 2479 by the enactment of the former section, under the well recognized principle governing the construction of statutes to the effect, that a later statute should not be held to repeal a former one by implication where it is possible to construe them so that both may stand. Under that rule of construction, it would appear that the right of the wife to contract for improving her property, which is given by section 2128, could be completely enforced, although her contract therefor should be in writing signed by her as required by section 2479. Since, however, this court has held otherwise in the cases referred to, and without any dissent so far as we have been able to discover, we feel that we should observe the doctrine of *stare decisis* in this case, which necessitates a reversal of the judgment, unless the facts be such as to relieve the property of the wife of the lien attempted to be asserted on some recognized legal ground.

The proof shows that Mrs. Parsley knew all about the improvements being made on her property and that she, in person, exercised a superintendency over the construction of the building, and that she and her husband occupied it as a residence and afterwards rented it out to others until they sold it. Clearly, under such facts, the wife is bound, as well as her property, for the amount of plaintiff's claim, the amount of which is not disputed,

even though she may not have expressly authorized her husband to contract for the material.

We are also of the opinion that plaintiff is entitled to a personal judgment against her for the amount of its debt, since section 2128 of the statutes would be practically nugatory if the personal liability of the wife should be denied, for it will be observed that the section not only empowers the wife to make contracts (one of which is to improve her property), but it also provides that she may ''sue and be sued, as a single woman,'' which was evidently intended to provide for the removal of her coverture disabilities respecting the contracts therein authorized.

Wherefore, the judgment is reversed with directions to set it aside and to render one conforming to the principles of this opinion.