## Forbes v. Broaddus, et al.

(Decided January 13, 1928.)

Appeal from Madison Circuit Court.

1.  Mechanics' Leins.—Materialman furnishing material for construction of a house on married woman's property was entitled to personal judgment against her.
2.  Partnership.—Where partnership furnished material to married woman for construction of house on her lot, and one of partners, who was woman's husband, secured loan from woman for benefit of partnership and partnership sued for material and woman counterclaimed for amount of loan, held that claim would be credited whether members of firm had knowledge that it was her money which they had borrowed or not unless they would otherwise be prejudiced.
3.  Partnership.—Where partner secured loan from his wife for benefit of partnership and wife owed partnership for material used in construction of house on her lot, held that in action for materials wife could assert loan as counterclaim, since principal may adopt and obtain benefit of contract made by agent acting on her behalf although contract may have been made in name of agent alone, where such course does not interfere with prior equities between parties to contract.

4.  Partnership.—Findings of trial court that husband making loan to
    partnership of which he was member did not loan wife's funds was
    against weight of evidence.

5.  Witnesses.—In suit by partnership against wife of member for
    materials furnished to construct house on her lot, where wife as-
    serted as counterclaim loan to partnership, deposition of husband
    was admissible as evidence under Civil Code of Practice section
    606, subsec. 1, as amended by Acts 1898, c. 1, sec. 1, providing that
    when husband or wife is acting as an agent for the other either
    may testify as to matter connected with such agency to show
    transaction out of which counterclaim arose and in which he acted
    as her agent.

G. MURRAY SMITH for appellant.

BURNAM & GREENLEAF for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Prior to June 20, 1923, and up to and including about
the middle of March, 1925, the firm of Broaddus, Forbes
& Co., composed of W. W. Broaddus, H. De B. Forbes,
and Shearer Eads, operated a mercantile business in
Madison county, a part of which was the handling and
selling of building material. In the fall of 1924 appel-
lant and defendant below, Frances Tate Forbes, who was
and is the wife of the partner, H. De B. Forbes, began the
erection of a house on a lot owned by her and the firm of
Broaddus, Forbes & Co. furnished a part of the material
that went into the construction of that house, the first
article having been delivered on September 19, 1924, and
continuously thereafter until March 13, 1925, the total
amount of the bill being $1,453.54. The proper notice
was filed with the county court clerk to preserve a lien
upon the property to secure the account, and this equity
action was afterwards filed by the partner, W. W. Broad-
dus, as liquidating agent of the firm, against Mrs. Forbes,
her husband, and the other partner, Eads, to collect the
account, and in which a materialman's lien was asserted
and the property asked to be sold to satisfy whatever
judgment might be obtained. The husband and Eads
had retired from the firm at the time of the filing of the
action and declined to join the liquidating agent as plain-
tiffs and for that reason they were made defendants.
The answer admitted the correctness of the account, but
another paragraph asserted a set-off and counterclaim
against the members of the firm, and in which it was
pleaded that on June 20, 1923, the firm borrowed from

the defendant, Mrs. Forbes, the sum of $1,000 and executed to her its note for that amount payable on demand, and she asked that her account be credited by the amount of that note and interest which she alleged was past due and unpaid, and, deducting it from the account and interest, left a balance due from her of $372.57, for which amount she offered to confess judgment. The reply denied in terms the paragraph of the answer asserting the set-off and counterclaim, which did not pray for judgment against the members of the firm, but only for credit upon the account sued on. Upon final submission after depositions taken on the issues as thus raised the court dismissed the set-off and counterclaim and gave judgment against Mrs. Forbes for the full amount of the account and decreed a sale of the property to satisfy it, and, complaining of that judgment, she prosecutes this appeal.

Complaint is first made of the personal judgment rendered against Mrs. Forbes upon the ground that the proof showed that the account for the material was charged on the books of the firm to her husband, Mr. Forbes, one of its partners; but the case of Mingo Lime & Lumber Co. v. Parsley, 197 Ky. 740, 248 S. W. 169, seems to settle that question against counsel's contentions, and no further reference will be made to it.

In discussing the point as to whether the $1,000, which the firm admits obtaining from Mr. Forbes on the date of the note, was money actually belonging to his wife, Mrs. Forbes, and was in truth and in fact furnished by her, counsel in their brief for plaintiff and appellee say:

"If she did (actually loan or furnish the money), or if they received her money, even with knowledge or understanding of the fact that it was a loan from her, she is entitled to recover on her counterclaim: otherwise she is not."

The only element included in that admission which we think is nonessential to her right to take credit by the amount of the claim, is that in order for her to do so the members of the firm must have had knowledge that it was her money, unless, perhaps, they would otherwise be prejudiced as between themselves and defendant's husband if they had procured the loan upon the hypothesis that it was made by him instead of by his wife. No effort by pleading or otherwise was made in the case to show any such latter state of facts. We are therefore of

the opinion that the facts of this case bring it within the general rule that a principal may adopt and obtain the benefit of a contract made by his agent acting for and on his behalf, although the contract may have been made in the name of the agent alone, if such a course did not interfere with prior equities between the actual parties to the contract and growing out of it. But the testimony in this case preponderatingly proves that the members of the firm of Broaddus, Forbes & Co. knew at the time the $1,000 was borrowed that the money actually belonged to and was furnished by Mrs. Forbes.

Mr. Forbes testified that at the time the note was taken the firm was overdrawn in the bank and it owed a draft for the contents of a carload of merchandise which had to be paid before it could be received or unloaded, and that it was in dire necessity for sufficient funds to meet that draft; that the last payment for the price of a house and lot his wife had theretofore sold was made by the purchaser a few days before that and which amounted to $2,500; that he deposited that check in his own name, and the account with the bank so stood on the day the money was borrowed by the firm; that he represented to his partners the facts with reference to that bank account, including the one that it was his wife's funds, and that he drew up a note (the one in litigation) to be signed by the firm and payable to his wife and that he later signed the firm's name to it by him with the knowledge of the other members of the firm and gave his check to the latter for the $1,000 with the proceeds of which the draft was paid. Eads corroborated him in every respect, but Broaddus, while admitting the borrowing of the money, denied any knowledge of the execution of a note or that the loan was made with funds belonging to Mrs. Forbes. No other witness testified in the case as to what actually transpired at the moment the money was agreed to be or was advanced. Some circumstances concerning entries upon the books which were made by the husband would seem to indicate that it was a loan made by him individually; but he makes a satisfactory and reasonable explanation of those circumstances and which are not in and of themselves conclusive against his testimony that the money loaned to the firm actually belonged to his wife. Throughout the case it was shown by every witness that when the matter was mentioned by book-keepers employed in the settlement of the firm's affairs and others, the husband insisted that the loan was

actually made by him as the representative or agent of his wife, and from proceeds of the sale of real estate that she owned absolutely. There is nothing in the record to contradict the fact that the loan was made from the proceeds of such a sale, and in which case the only contention that could be made is that because the proceeds of the wife's land was deposited in the bank in the husband's name and he gave the firm his individual check for the amount of the loan such fact operated in law to deprive the wife of the right to assert the claim against the firm, notwithstanding, according to the undisputed testimony, it obtained and appropriated $1,000 of her money for its use and benefit.

Necessarily the court must have found as a fact that the account in the bank from which the loan was made by the individual check of the husband was not the property of the wife, and that the note executed to her and the claim she is asserting in her answer are fabrications made in an effort to collect from the firm a debt due from it to her husband, a member thereof, by procuring the amount to be credited on the account for material that went into the construction of a house on her property. Giving due consideration to the rule governing this court as to the weight to be given to the finding of fact by the trial court, we are constrained to hold that the judgment is against the preponderance of the testimony on what we believe to be the decisive issue in the case, and under such circumstances we are not only authorized to, but it becomes our duty, to reverse the judgment when based upon such erroneous finding of facts.

But plaintiff filed exceptions to the deposition of Mr. Forbes upon the ground that he was disqualified to testify under the provisions of subsection 1 of section 606 of the Civil Code of Practice. As originally drafted, he was incompetent as a witness on behalf of his wife, but that section was amended by an act of February 23, 1898, by the addition of these words: "And except that when a husband or wife is acting as agent for his or her consort, either of them may testify as to any matter connected with such an agency." Chapter 1, sec. 1. The borrowing of the money in this case by the firm was negotiated by the husband alone, who evidently acted as agent for his wife, in effecting it, and which she, at least, afterwards ratified and acquiesced in. It therefore clearly

appears that he was competent to testify concerning the transaction in which he participated as her agent.

Wherefore, the judgment is reversed, with directions to allow the entire credit asserted in the second paragraph of defendant's answer and to render judgment for the balance of the account and for proceedings consistent with this opinion.