# Tackett et al. v. Pikeville Supply & Planing Mill Company.

(Decided June 20, 1933.)

L. J. MAY for appellants.

CHILDERS & BOWLES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

The Pikeville Supply & Pláning Mill Company brought this suit against John Tackett, Eliza Tackett, and Ernest Cheek, to recover a balance of $732.90 due for building materials used in the construction of a house and garage upon real estate owned by Mrs. Tackett, and to enforce a mechanic's lien thereon. The court adjudged plaintiff a lien on the property for $653.70, and, after rendering a personal judgment against John Tackett for $79.69 with interest, also rendered a judgment against all the defendants for $732.90, and further adjudged that to secure same plaintiff was entitled to a lien on the property. John Tackett and Eliza Tackett appeal.

It is first insisted that the petition was defective in that it failed to allege that the lien statement filed in the clerk's office was subscribed and sworn to. Bearing on this point, the petition contains the following allegations:

> "It further says that within the six months period provided by Statute it filed its lien upon the property herein described in the Office of the County Court Clerk of Pike County, in which county said property is situated, in all respects as the law requires. A copy of which is filed herewith, made part hereof and marked 'C' for identity."

The copy shows that the statement was subscribed and sworn to. This is not a case where the petition contains no allegation on the subject, in which event it is held that the exhibit does not supply the necessary averments. Newport & Dayton Lumber Co. v. Lichtenfeldt, 72 S. W. 778, 24 Ky. Law Rep. 1969, but is a case where the averments are vague, indefinite, and defective, and falls within the rule announced in Noble v. People's Stock & Poultry Feed Co., 189 Ky. 549, 225 S. W. 491, where we said:

> "The writings required to be filed by section 120, supra [Civ. Code Prac.], as a part of the pleading

when the basis of the action may aid the defective averments in a pleading, or they may destroy the averments. While an exhibit of the latter character, if contradictory of the averments of the pleading, will control the pleading and cannot be used to supply an allegation which is essential to constitute the cause of action, yet, if there is an averment of a fact which is essential to the cause of action, but it is made defectively, the writing filed as a part of the pleading, if not contradictory of it, may aid and cure the defective allegation by making it direct, positive, and certain, when it would otherwise be vague, uncertain, or indefinite.''

We think the petition, together with the exhibit was sufficient to support the judgment.

Another contention is that the description of the property in the lien statement was insufficient. The description reads:

"Building material & lumber used in garage & the Cheeks dwelling. Of the following described real estate, to-wit: Near end of State highway bridge at Shelby, Ky. garage in use by Jno Tackett & Cheek dwelling is that used by Cheeks on opposite side of State Highway from garage and the same land deeded to Mrs. Tackett & Mr. Tackett by Francis Sowards & Hen Sowards.''

The argument is that the description does not describe the ground on which the house was located, or give the county in which it is located, and no one can tell whether it is near the state highway bridge at Shelby, Pike county, Ky., or near the state highway bridge at the mouth of Shelby, Fulton county, Ky. The rule is that the description in the statement of a mechanic's lien must itself furnish needed information to identify the property to the exclusion of other property. Powers v. Brewer, 238 Ky. 579, 38 S. W. (2d) 466. We think any one of common understanding could take the description and locate the property. The statement was filed in the office of the county clerk of Pike county. The description does not call for a creek, but for the town of Shelby, Ky., which is located in Pike county. It identifies the garage as the one in use by John Tackett, and the dwelling as that used by Cheek on the opposite side of the state highway from the garage. It is true that this description does not describe the ground by metes and

bounds, but it does describe it as the same land deeded to Mrs. Tackett and Mr. Tackett by Francis Sowards and Hen Sowards. While it is true that the land was conveyed to Mrs. Tackett alone, we do not regard the inclusion of Mr. Tackett in the description as fatal. Any one examining the record would ascertain that the particular property in question was conveyed to Mrs. Tackett, and this furnished the necessary description of the land.

The further point is made that no lien should have been adjudged on Mrs. Tackett's property as she did not contract for the lumber or have anything to do with its purchase. It appears that the title was in Mrs. Tackett's name, although she had orally given the real estate to her son-in-law, Ernest Cheek. It is true that she did not order the lumber, but she was present when R. H. Sowards returned from Pikeville and told Cheek that they were going to ship the lumber that evening, and said, "I bet they don't ship it." According to Cheek, he told her the lumber would be up that evening, and she said, "Now you just wait until it does." Not only that, but the lumber did arrive and she saw it used in the garage and in the construction of the residence. In the circumstances she, as well as her property, became bound for the materials actually used. Mingo Lime & Lumber Co. v. Parsley, 197 Ky. 740, 248 S. W. 169. However, as the price of the materials actually used in improving the property was only $653.70, it was error to adjudge a lien or to render personal judgment against Mrs. Tackett for any sum in excess of that amount.

It appears that of the $732.90, $79.69 was the balance of an account owing by John Tackett personally, and the court did not err in rendering judgment against him for that amount and interest. However, it is not perceived upon what basis it was proper to render personal judgment against him for any sum in excess of that amount. The evidence shows that he went to appellee for the purpose of arranging for the purchase of the lumber for Cheek; that appellee agreed to ship the lumber if he would pay the $500 down; that Tackett tried to arrange for the money, but could not do so; that the matter ended there so far as Tackett was concerned; that afterward Cheek sent word to appellee through R. H. Sowards to ship the lumber; and that the

lumber was shipped by mistake. Therefore the situation is one where the lumber was not ordered by Tackett, or used in the improvement of premises owned by him, and it was error to render judgment against him for the amount of the bill.

Wherefore, to the extent of $79.69 and interest, the judgment against John Tackett is affirmed. In other respects both as to John Tackett and Eliza Tackett, the judgment is reversed and cause remanded with directions to enter judgment in conformity with this opinion.