## Burnett Bros. v. Helburn.

(Decided Nov. 8, 1935.)

R. L. MADDOX, JAMES S. GOLDEN and W. R. LAY for appellant.

W. T. DAVIS and JAMES S. WILSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

John W. Burnett, doing business as Burnett Brothers, brought this suit against Stella T. Helburn to recover a balance of $1,931.51 for labor performed and material furnished in improving her home at her special instance and request. In addition to a general denial and a plea of limitation, Mrs. Helburn admitted a small balance due for supplies which she purchased, and made a tender of that amount into the court. At the conclusion of Burnett's evidence the court directed a verdict in favor of Mrs. Helburn, and he appeals.

Mrs. Helburn owns her home in Middlesboro. Appellant is a contracting plumber with his place of business in that city. In 1923, appellant entered into a contract with Major E. S. Helburn, husband of appellee, to furnish the labor and materials to install a heating system and a complete bathroom in the Helburn home at the price of $2,675. Appellant performed his part of the contract and did other plumbing work beginning January 9, 1923, and ending April 12, 1927. All the labor and materials furnished prior to April 12, 1927, totaling $3,028.91, were furnished solely at the instance and request of Major E. S. Helburn and were charged to him on appellant's books. At that time Major Helburn was engaged in operating three or four coal mines, and was considered prosperous and solvent, and appellant believed the Major was able to pay for the labor and materials furnished on the account, including the original contract price and the additional items fur-

nished. Major Helburn paid appellant $1,000 on December 13, 1923, and $100 on January 7, 1927, thus leaving a balance of $1,928.91.

Appellant says that Mrs. Helburn talked to him frequently about the plumbing and heating job, and designated the places where the radiators and fixtures should be set, but never disclosed to him that she owned the property, and he did not learn of that fact until the year 1932. It was not until on or about April 12, 1927, that he began charging anything to Mrs. Helburn. Concerning what occurred on that date his evidence is as follows:

"A. On about April 12th, 1927, she drove down to the shop, and I went out to the car and she told me she had a job she wanted me to do out there, and that they owed so much at that time that she would pay that herself; she was sorry that they could not pay it, but they would pay it sometime, and went on to state she was almost ashamed to meet me on the street."

"A. That is what she told me, they would pay it sometime, she was sorry they could not pay it then; she was ashamed to meet me on the street, and she would pay me sometime.""

Appellant further testified that beginning with the items which he charged to Mrs. Helburn, and giving her credit for what she paid, the account was squared.

It is the rule in this state that, where the husband contracts for labor and material to be performed and used in the improvement of property owned and occupied by the wife, and she knows of and superintends the improvements, she is bound for the amount of the materialman's claim,. even though she may not have expressly authorized her husband to enter into the contract. Mingo Lime & Lumber Co. v. Parsley, 197 Ky. 740, 248 S. W. 169. Tackett et al. v. Pikeville Supply & Planing Mill Co., 249 Ky. 835, 61 S. W. (2d) 881. Conceding that Mrs. Helburn is liable under the above rule, it remains to determine whether the claim is barred by limitation.

We shall first consider the case in the light of the wife's conduct alone. As the suit was not brought until more than five years after the conversation of April 12,

1927, it is unnecessary to determine whether the rather vague remarks of Mrs. Helburn on that occasion constituted a sufficient acknowledgment of the debt to stop the running of the statute (Ky. Stats. sec. 2515). A more difficult question is: Did the subsequent payments made by her have that effect? There can be no doubt that when Mrs. Helburn said to appellant on April 12, 1927, that "she had a job she wanted him to do out there, and that they owed him so much at that time that she would pay that herself," she meant, and he understood that what she would pay for was the job she wanted him to do. Prior to that time all items had been charged to Major Helburn. From that time on the items ordered by Mrs. Helburn were charged to her, and all payments made by her. The checks given by her correspond to the items furnished, and squared the account, with the possible exception of an item of $1.50, covered by the tender into court. In the circumstances there is no place for the application of the rule announced in Brown's Adm'r v. Osborne, 136 Ky. 456, 124 S. W. 405, that where one makes a payment on an account, part of which is barred by limitations, and he gives no direction as to what items on the account the payment shall be applied, the law authorizes the application of it to the oldest items on the account. On the contrary, the case is one where, in accordance with the understanding of the parties, the payments were made and credited on a new and separate account standing in the name of the wife, and that being true the payments were never intended and did not have the effect of stopping the running of limitation as to the old account standing in the name of her husband. Price's Adm'x v. Price's Adm'x, 111 Ky. 771, 64 S. W. 746, 66 S. W. 529, 23 Ky. Law Rep. 1086, 1911.

But it is claimed that Major Helburn acknowledged the debt both orally and in writing within five years before suit was brought, and this had the effect of starting anew the running of the statute of limitation. There might be merit in this contention if the liability of the wife and husband were joint, but as his liability arises from the contract which he made, and the wife's liability arises from an implied contract to pay for labor and materials which she knows were performed and used in the improvement of her property, their liability is several and not joint. Jones v. Johnson, 86 Ky. 530, 6 S. W. 582, 9 Ky. Law Rep. 789. Where the liability

of two or more persons is several, no admission or promise by one can remove the bar of the statute of limitations as against the others. Hence, the acknowledgment of the debt by the husband solely on his own behalf was not, without more, an acknowledgment of the debt by the wife so as to stop the running of the statute of limitations in her favor. 17 R. C. L. sec. 273, pp. 911 and 912; Powers v. Southgate, 15 Vt. 471, 40 Am. Dec. 691. As appellant's right of action against Mrs. Helburn was barred by the statute of limitations, it follows that the directed verdict in her favor was proper.

Judgment affirmed.