## Minter Homes Corporation v. Forsythe et al.

March 10, 1944.

P. B. Stratton for appellant.

Jean L. Auxier for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER, Affirming.

The appellant sued the appellees, Mrs. Georgia Forsythe, her husband, F. J. Forsythe, and Gilbert Bentley for a balance of $1,153.52 due on an account for building material. It also asked for the adjudication and enforcement of a materialman's lien. The court dismissed the petition except as to Bentley, against whom a default judgment was rendered.

Mrs. Forsythe, the owner of a lot in Pikeville, contracted with Bentley to build an apartment house for a certain sum. The plaintiff furnished the lumber and other materials. The record shows that Bentley bought

the material and that the account was carried in his name as other transactions had previously been. It is clear that he was an independent contractor. About all there is tending to establish liability upon Mrs. Forsythe or her husband is that a representative of the plaintiff had gone over the plans and bill of goods with them and together they agreed on changes which resulted in the reduction of the cost of the building; that during the progress of the work the Forsythes learned that checks given Bentley for payment of material had not been used for that purpose; they made inquiry of the plaintiff as to the amount due; they agreed and did pay about $850 to it for material subsequently shipped and used in the building; and that they had said to the plaintiff's representative they would see that he was paid. In short, the Forsythes did no more than try to help the plaintiff collect its money from Bentley.

The petition merely alleged that on the —— day of September, 1938, and within less than six months after the last item of material had been furnished, the plaintiff had filed in the county court clerk's office a materialman's lien upon the property to secure the payment of the balance of its bill. A copy of the statement so filed was attached as an exhibit and it bears a jurat of verification. Section 2468, Kentucky Statutes, now KRS 376.080.

It is seldom we have the exact counterpart of a case decided years before. We have such here. In Newport & Dayton Lumber Company v. Lichenfeldt, 72 S. W. 778, 24 Ky. Law Rep. 1969, the sole question was whether the plaintiff, suing on a balance of account for building material, was entitled to the adjudication of a materialman's lien. The petition, like the one now before us, did not contain an allegation that the statement of a lien had been subscribed and sworn to, although the exhibit showed that it had been. It is stated that a party seeking to enforce such a lien must by his pleadings bring himself strictly within the terms of the statute creating the lien and show that he had taken the requisite steps. It is further noted in the opinion that the statute required that the statement be subscribed and sworn by the person asserting the lien and it was not so alleged. We, therefore, held the petition did not state a cause of action and affirmed the judgment rendered upon the submission of the case on its merits just as was done here.

As there, so here. The exhibit could not be regarded as aiding or supplementing otherwise fatal omissions in the pleading. Unlike Noble v. People's Stock & Poultry Feed Company, 189 Ky. 549, 225 S. W. 491, and Tackett v. Pikeville Supply & Planing Mill Company, 249 Ky. 835, 61 S. W. (2d) 881, the allegations as to the statement having complied with the statute, the averment here is not merely indefinite or defective. There is none at all with reference to the condition precedent.

There is another defect in the pleading at bar. Section 2463, Kentucky Statutes, now KRS 376.010, provided that unless the person furnishing the material had contracted directly with the owner of the property or his agent he could acquire no lien unless he should give written notice to the owner or his agent within 35 days after the last item of material was furnished of his intention to hold the property liable. There is no allegation in this petition that such notice was given. The opinion in the Newport & Dayton Lumber Company Case, supra, also points out that a petition lacking an averment that notice was given is fatally deficient.

The judgment is affirmed.