Case 13—PETITION EQUITY—October 1.

# Kentucky Central Railway Company v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. In a Suit to Enforce a Lien for Taxes, although a common law judgment for the taxes has been rendered, it is necessary, as against one who has purchased the property since the rendition of that judgment and was therefore not a party to it, to aver the preliminary steps necessary to create the lien, as if no judgment had been rendered. Whether the same rule applies as against the original owner, against whom the judgment was rendered, where he has not parted with the property, is not determined.

2. The Lien for Taxes does not Exist Longer Than Five Years. And the rendition of a common law judgment for the taxes does not extend the period of limitation.

G. C. LOCKHART for appellant.

1. A common law judgment for taxes does not constitute a lien on the property assessed, and in this suit against appellant, which is a stranger to the judgment against the Kentucky Central Railroad Company, every fact necessary to constitute the lien on the railroad property should have been stated in the petition. (Hopkins, &c., v. Stout, 6 Bush, 375.)

2. The statute of limitations was well pleaded. The Commonwealth has no lien after the expiration of five years from the time the tax became collectible. (Gen. Stats., chap. 92, art. 1, sec. 2.)

P. W. HARDIN, Attorney General, for appellee.

1. The rendition of the judgment for taxes necessarily involved a determination of the facts constituting the lien, and, therefore, it was not necessary to state those facts in the petition in this case.

2. Appellant took the property of the Kentucky Central *Railroad* Company subject to the right of the Commonwealth to enforce its lien for taxes.

3. As to the question of limitation, see Angell on Limitations, secs. 73, 92 and 173; Jones on Mortgages, vol. 2, secs. 1204 and 1209.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

In June and October, 1889, the State recovered judgments for taxes for the years 1884, 1885 and 1886, against the Kentucky Central Railroad Company.

Our statute provides: "The Commonwealth shall have a lien for all taxes, and the counties for the county levy and other taxes due the county, on the property assessed, and on all other property of each person, which shall not be defeated by gift, devise, sale, alienation or any means whatever: *Provided*, the lien herein provided for shall not exist longer than five years." (General Statutes, chapter 92, article 1, section 2.)

The judgments were merely for so much money, no lien being adjudged for their payment, and none asserted, so far as this record shows.

The appellant, the Kentucky Central Railway Company, came into existence in May, 1887, and became the owner of the property of the Kentucky Central Railroad Company in June, 1887. December 23, 1889, the appellee brought this action, claiming that it had a lien upon the property for the satisfaction of its judgments. The copies of them on file do not show that they were for taxes due the State, but this appears from the pleadings in this suit. The taxes for 1884 were due on October 10th of that year.

There is no averment in the petition of any assessment of the property, or of the preliminary steps necessary to its taxation; nor is it even stated that such averments

'were made in the original suits. A demurrer to the petition was overruled. One was sustained to the answer, which *inter alia* relies upon the lapse of five years from the time when they were due until this suit was brought as·to the taxes of 1884; and a judgment was rendered allowing a lien, and placing the property in the hands of a receiver for its satisfaction.

It is contended for the State that the mere judgments for money obtained by it fixed a lien upon the property, and that the appellant took it *cum onere*. They did not, however, constitute liens upon the property. They were but ordinary judgments for money. The fact that they were based upon claims for taxes did not alter their character, and give them additional force.

The State had a lien by virtue of the statute. It arose by reason of a properly assessed tax. It was not necessary to reduce the claim to judgment to acquire it. In the original suits upon proper averments decrees might have been had enforcing the already existing lien, provided it had not been lost by lapse of time; but a mere common law judgment, although for taxes, stands upon the same footing as any other like judgment for money. The statute gives it no peculiar efficacy. It does not constitute the lien, but it is the properly assessed tax which creates it. In a suit, therefore, to enforce the lien, the preliminary steps necessary to the creation of such a tax must be averred, and proved if denied.

It is earnestly urged, however, that these matters must be regarded as having been determined when the judgments were rendered, inasmuch as they were for taxes; that this mile-stone has been passed, and the State can not, therefore, be required to travel over the same ground.

Even if this were so as to a party really owing the taxes, and who is still the owner of the property; or in other words, if the judgment being for taxes was, *ipso facto*, conclusive of the lien as to him, yet the appellant was not a party to those judgments, but a stranger to them, and it is now sought to enforce a lien for their payment against its property. If it exists it is by virtue of the statute and not the judgments. It is for a tax not assessed against the present owner of the property; and as the judgments did not of themselves fix a lien upon the property, it was necessary in this suit to aver every fact necessary to constitute the lien. If this be not so, then the appellant would not have its " day in court." It is no answer to this to say, the statute provides that the lien " shall not be defeated by gift, devise, sale, alienation or any means whatever."

If the judgment be merely for so much money; if it does not by reason merely of the character of the claim upon which it is founded, conclude the question of the existence of a lien, and certainly it should not do so as to an alienee of the property, who was no party to it, then as to him the question as to its existence is still an open one.

We fail to see why the plea of the statute of limitation of five years, as to the taxes of 1884, was not a valid one as to the appellant. More than five years had elapsed from the time they became due until this suit was brought. It is said the lien was an incident of the judgment, and the claim having been put in judgment the statute of limitation as to a judgment, which is fifteen years, applies to the enforcement of the lien. This argument is, however, without force because the statute which gives this

lien declares that it shall not be defeated by a sale of the property, but that it shall not exist for a longer period than five years.

In our opinion the demurrer to so much of the answer as relied upon limitation as to the taxes of 1884 should not have been sustained, but that the demurrer to the petition should have been for the reasons above given; and the judgment is reversed for further proceedings in conformity to this opinion.