CASE 64—ACTION BY MATILDA M. KAISER AGAINST AETNA LIFE IN-
SURANCE COMPANY TO RECOVER ON A POLICY ON THE LIFE OF
HER DECEASED HUSBAND.—MAY 13.

115  539|
e118  728|

# Aetna Life Insurance Company v. Kaiser.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

LIFE INSURANCE—CAUSE OF DEATH—SUICIDE—CIRCUMSTANTIAL EVI
DENCE—COMPETENCY—RELEVANCY.

Held:    1. Defendant relied on suicide as a defense to an action
on an insurance policy, and showed that the insured had
borrowed a revolver, stating he was going to a certain part of
the city to make a collection, that directly afterward he had
gone to a room in his mother's house, and then asked his sis-
ter to call his mother; that when his sister had gone a few
feet from his room she heard a shot; that, on immediately
returning to the room, she found him across the bed with a
mortal wound, from which he died in a few minutes; that
the revolver was found not far from the right hand of the
deceased, with one chamber empty, and that his undershirt was
powder-burned.    The family relations of the deceased were
pleasant, and his debts were inconsiderable.   HELD, that it was
a question for the jury whether he had committed suicide.

2. The defense to an action on an insurance policy was that the
insured had committed sucide, but the evidence on this point
was all circumstantial.   HELD not competent for the coroner
who had conducted the inquest to give his opinion as to
whether the insured's death was self-inflicted.

3. In an action on an insurance policy it was not competent to
show by a copy of the coroner's inquest that the insured had
committed sucide, this being the defense relied on.

4. In an action on a life insurance policy the proof of death fur-
nished by plaintiff in accordance with the stipulations in the
policy was not relevant as substantive evidence to show the
manner of the insured's death.

GRUBBS & GRUBBS, FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. A contract of life insurance stipulating that the policy
shall be avoided if the assured within one year commit sui-

cide whether sane or insane, is a valid and enforceable contract. Mutual Benefit Life Ins. Co. v. Daviess, 87 Ky., 541; Manhattan v. Beard, 23 Ky. Law Rep., 1547; Bigelow v. Berkshire Life Ins. Co., 93 U. S., 284.

2. In such a contract where the right to recover turns upon the question as to whether the person insured committed suicide, the court should direct a verdict for the insurance company, where the evidence, even though circumstantial, but uncontradicted, all points to suicide.

The court having refused to direct such verdict, the finding of the jury should have been set aside and a new trial granted. Rens v. Northwestern Mutual Relief Association, 100 Wis., 276; Agen v. Metropolitan Life Ins. Co., 105 Wis., 217; (76 Am. St. R., 905); Leman v. Manhattan Life Ins. Co., 46 La. Annual, 1189; Johns v. Northwestern Ins. Co., 90 Wis., 332; Mutual Life of N. Y. v. Hayward, 34 S. W. R., 801; Ingram v. National Union Life Ins. Co., 103 Iowa, 397, (77 N. W., 559); Mutual Life v. Tilman, 84 Texas, 33; Kornfeld v. Supreme Lodge, 72 Mo. App., 601; Sweezey v. Prudential Ins. Co., 3 Misc., N. Y., 608; Pagett v. Continental Ins. Co., 55 N. Y. App. Div., 638.

3. A peremptory instruction would not contravene the rule prevailing in Kentucky that where there is any evidence a trial judge should not direct a verdict, even if he should feel compelled, if a verdict were rendered against the party prejudiced thereby, to set it aside, because this rule is based on the theory that there is conflicting evidence. Rogers v. Rogers, 2 B. Monroe, 324; Thompson v. Thompson, 17 B. Monroe, 28.

4. Whilst we recognize the rule stated above as that prevailing in Kentucky, still where the evidence is uncontradicted, a jury should not be left to theorize, but a peremptory instruction is proper. Dolfinger v. Fishback, 12 Bush, 475; Hughes v. Cincinnati, &c. R. R., 91 Ky., 526; O'Daniel v. Smith, 21 Ky. Law Rep., 823.

5. It was error to exclude the expert testimony of the physician, Dr. McCullough. State v. Lee, 65 Conn., 265 (48 Am. St. R., 202); Leman v. Manhattan Life Ins. Co., 46 La. Annual, 1189.

6. It was error to exclude copy of Coroner's inquest. United States Life Ins. Co. v. Vocke, 129 Ills., 557; Pyle v. Pyle, 158 Ills., 289; Walter v. Mutual Life of N. Y., 65 Cal., 417; Grand Lodge v. Weiting, 168 Ills., 408 (61 Am. St. R., 123); Travelers v. Netterhouse, 38 N. E., 1110.

7. It was error to exclude the proofs of death. Mutual Benefit Life Ins. Co. v. Higginbotham, 95 U. S., 380 (L. C. P. ed., 499); Leman v. Manhattan, 46 La. Annual, 1189.

Aetna Life Insurance Company v. Kaiser.

8. It was error to exclude the two notes executed by the insured, John A. Kaiser, Jr., to S. O. Knocke.

HARRIS & MARSHALL, FOR APPELLEE.

### AUTHORITIES.

1. Burden of proof was on appellant. Hartford Life & Annuity Ins. Co. v. Wayland, 14 Ky. Law Rep., p. 243; Phillips v. Louisiana Equitable Life Ins. Co., 26 La. Annual Reports, p. 404; vol. 1, Jones on Law of Evidence, p: 379, sec. 177.

2. Appellant took no exception to having burden of proof and can not complain. Roach v. Moss, 24 Ky. Law Rep., p. 1222.

3. Court ruled correctly in refusing to allow Dr. McCullough to testify as an expert whether or not John A. Kaiser committed suicide, as it was not his place but the jury's to decide this question. Jones on Law of Evidence, vol. 2, sec. 374, sec. 380.

4. Court ruled correctly in declining to permit a copy of coroner's inquest to be introduced as evidence, as it was not evidence but conclusions. Union Central Life Ins. Co. v. Hollowell, Administrator, 14 Indiana Appellate Court Reports, 615; Insurance Co. v. Schmidt, 40 Ohio State Reports, p. 112.

5. Court properly refused to admit in evidence the application and proof of death. 16 Am. & Eng. Ency. of Law, 2d ed., p. 968; Cluff v. Mutual Benefit Life Insurance Co., 99 Mass., p. 317; Ky. Civ. Code, secs. 596, 598; Ky. Civil Code, sec. 134.

6. Court properly overruled appellant's motion for peremptory instruction. The rule in Kentucky being that the jury and not the court shall pass upon questions of fact, where the *evidence conduces in any degree* to establish the right of recovery, though the court may be of the opinion that if there should be a verdict against his views it should be set aside. Barbour's Digest, vol. 3, p. 665, Peremptory Instruction, sec. 77, Where cases are collected; Buford v. L. & N. R. R. Co., 82 Ky., p. 287; Perry v. Riding's Guardian, 9 Ky. Law Rep., p. 536; Ellis v. Schlentker, 11 Ky. Law Rep., 999; Bedford v. Kesler, 15 Ky. Law Rep., p. 31; Guyon, Harper Manufacturing Co. v. Carolina Central R. R. Co., 38 S. W. Rep., p. 895; 1 Jones on Law of Evidence, p. 379, sec. 177; Connecticut Mutual Life Ins. Co. v. McWhorter, 73 Federal Rep., p. 444; May on Insurance, 2d ed., sec. 325, p. 459; Supreme Lodge, &c. v. Beck, 94 Fed. Rep., p. 752; Home Benefit Association v. Sargens, 142 U. S., p. 697; Phillips v. Louisiana Equitable Life Ins. Co., 26 La. Annual Reports, p. 404; Insurance Co. v. Bennett, 90 Tenn., p. 256; Board v. C. & O. Ry. Co., 24 Ky. Law Rep., p. 1079.

7. Court will not reverse judgment because do not agree with jury in their conclusions on the evidence. Thompson v. Thompson, 93 Ky., 437.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee's husband, John A. Kaiser, Jr., effected an insurance upon his life with appellant in the sum of $1,000, payable to appellee within 60 days after proof of death of the insured. The policy contained this provision: "If the insured shall, within one year from the date hereof, commit suicide, while sane or insane, .. . . this policy shall be null and void." Within about a month after the issual of the policy the insured died from the effects of a pistol-shot wound through the heart. He was a young man, about 22 years old; had been married about 6 weeks; was apparently in good health, with no evidence of morbidity or insanity. He had recently lost his employment as a laborer in a printing establishment, but his employer had told him that he could return when he desired. He was shown to be indebted in an inconsiderable amount. His domestic relations were shown to be pleasant. In the morning of the day of his death he borrowed a revolver from a friend, with the statement that he was going to certain quarters of the city that evening to make collections. Directly afterward he went to his mother's home, where he was in the habit of going about that hour every morning, passed his sister, and went to the room that he had occupied before his marriage. He removed a part of his clothing, called his sister to go for his mother, and tell her to come to him. After his sister had gone but a few feet from the room, she heard the pistol shot, and upon immediately returning found him lying across the bed with a mortal wound, from which he died within a few minutes. There was no witness to the shooting. In this suit by appellee upon the policy appellant

relied alone upon the defense that the insured had, within 12 months from the issual of the policy, committed suicide while sane or insane. The issue was joined upon this defense, and was the sole issue in the case. Appellant had the burden of proof in the case, which consisted in showing the foregoing facts, with the additional detail that the deceased's undershirt was powder-burned, and that, when found lying across the bed the revolver was lying not far from his right hand, with one chamber empty, and the other four loaded. Appellee declined to introduce any evidence, when appellant asked for a peremptory instruction in its behalf, which was refused. The court gave in lieu the following instruction: "Gentlemen of the jury, in this case you should find for the plaintiff in the sum of $1,000, with interest from the 4th of May, 1901, unless you shall believe from the evidence that the assured, John A. Kaiser, Jr., shot himself with the purpose of taking his own life. But if you shall believe from the evidence that he shot himself with the purpose and intention of taking his own life, then the law is for the defendant, and you shall so find, whether the said John A. Kaiser, Jr., at the time he shot himself was sane or insane." The jury returned a verdict for the plaintiff. .

Appellant's principal contention upon this appeal is that upon the close of its evidence, which was the only evidence offered in the case, the court should have peremptorily directed a verdict for it. This argument is based upon the idea that the evidence showed conclusively that the death of the insured was self-inflicted, and that the attending circumstances with equal clearness indicated a suicidal intent. A very reasonable inference from the circumstances detailed in evidence is that the injury was self-inflicted, nor would it be unreasonable to further infer that the purpose

was self-destruction. But these conclusions, or inferences rather, are by no means necessary from the proof and circumstances. They are at best but allowable. The rule in this State governing the granting of peremptory instructions is that, where there is any evidence tending to support the contrary side, or where there is a conflict of evidence upon the issue to be determined, such an instruction will not be given. As the evidence in this case was wholly circumstantial, it was clearly within the province of the jury to deduce from it such rational conclusions as might, in their judgments, be in harmony with the probabilities of the matter. Where the circumstances are such as that they may well admit of two or more conclusions, either of which may be true, it can not be said that there is not a conflict of evidence within the proper significance of the term; for, while the evidence might produce one conclusion in the mind of the judge as to the truth concerning the disputed fact, it might as well produce another and different one in the minds of the jury. Here the defense, and the sole defense, was the affirmative plea that the insured had committed suicide. It was a plea in confession and avoidance. Unless it was sustained by proof sufficiently preponderating to convince the judgments of the triers of the fact, appellant must fail. The jury were not required to believe from the evidence that the death of the insured was caused from the accident or from his negligence, nor were they required to believe from the evidence that it had been inflicted by another. Unless the evidence was sufficient to satisfy them that the death was suicidal, their verdict must have been for appellee; for it was not material to her right of recovery that the jury should have been able to determine from the evidence, and satisfactorily to themselves say, what was the cause of his death. The in-

surer, the appellant, agreed to pay the sum insured in the event of the death of Kaiser while the policy was in force, unless within a year of its date his death was caused by suicide. Therefore, when appellee had shown the death of the insured during the time the policy was in force, she was entitled, as a matter of law, to recover the amount of the policy, unless appellant could show that it was not liable because of one of the exceptions mentioned in the policy which relieved it from liability. Its mere failure, therefore, to satisfactorily show the existence of the exception was a failure of its defense, and justified appellee's recovery. Jones on Law of Evidence, p. 379, section 177. In May on Insurance, section 325, it is said: "When the dead body of the insured is found under such circumstances and with such injuries that the death may have resulted from negligence, accident or suicide, the presumption is against suicide, as contrary to the general conduct of mankind, a gross moral turpitude, not to be presumed in a sane man; and whether it was from one or the other, if there is any evidence bearing upon the point, is for the jury." Supreme Lodge, etc., v. Beck, 36 C. C. A., 467, 94 Fed., 752; Home Benefit Association v. Sargent, 142 U. S., 697, 12 Sup. Ct., 332, 35 L. Ed., 1160; Phillips v. Louisiana Equitable Life Ins. Co., 26 La. Ann., 404, 21 Am. Rep., 549. Where the evidence is circumstantial alone, and admits of more than one reasonable conclusion, it proves nothing. The court is of opinion that the peremptory instruction was properly refused, and that those given fairly submitted the question at issue.

The following questions of evidence are presented also on the appeal: The coroner, who was a physician, was introduced as a witness, and, after detailing the appearance of the body as found by him, was asked by appellant

whether, in his opinion, the death of the insured was self-inflicted or not. We hold that the opinion of the witness as to the manner of the death of the insured was not a relevant fact. Expert evidence is not admissible to decide disputed questions of fact—to establish by the opinion of expert witnesses whether the act under investigation occurred in this way or that. That was the exact question to be determined by the jury from all the facts and circumstances. Jones on Law of Evidence, section 374; Manhattan Life Ins. Co. v. Beard, 112 Ky., 455, 23 R., 1747, 66 S. W., 35.

Appellant also offered in evidence a copy of the coroner's inquest, which it argues was relevant as tending to show the cause of the death of the insured. The verdict of the coroner's jury was that the deceased came to his death by suicide. We are of opinion that this was clearly incompetent, and was properly rejected.

Another proposition was, appellant offered the proofs of death made out by appellee, or on her behalf, and submitted to the company under the terms of the policy as a condition precedent to her right to claim payment. We are of opinion that this was not relevant as substantive evidence as to the cause or manner of the insured's death. Had any witness who had testified in the case been one of those who had made the statement in the proofs of death, contrary to his testimony, it would have been relevant for the purpose alone of contradicting the witness, and as affecting his credibility; but such was not the case. Or, if the issue had been made in the case that the requisite proofs of death had not been submitted as required by the policy, then, of course, these documents would have been relevant. They were properly rejected.

Failing to perceive any error in the record, the judgment is affirmed, with damages.