# Farnsley's Administrator v. Philadelphia Life Insurance Company.

(Decided January 8, 1914).

## Appeal from McCracken Circuit Court.

1. Insurance, Accident—Pleading.—In an action upon an accident insurance policy insuring against accidental death plaintiff should plead that insured's death was accidental; failure so to do is fatal to the petition.

2. Insurance, Accident—Evidence.—In an action upon an accident insurance policy insuring against accidental death, it is not su....cient to prove that insured came to his death by drowning. If the manner of death, that is, whether suicide or accidental, is unknown, that state of fact must be shown before the presumption becomes operative that unexplained death is the result of accident rather than suicide.   That presumption becomes operative only after evidence is introduced compatible both with the theory of accident and with the theory of suicide.

3. Insurance, Accident—Judgment Non Obstante Veredicto.—Where plaintiff in an action upon an accident insurance policy failed to plead or prove that the death of insured was caused by accidental means, or to show that the manner of death was unknown, so as to render operative the presumption that death from unexplained cause was the result of accident, defendant was entitled to a judgment upon the pleadings.

4. Judgment—Merger and Bar of Actions.—Where in an action upon an accident insurance policy insuring against accidental death, the plaintiff failed to allege or prove death by accident, and defendant failed to demur to the petition, there is no trial of the action on its merits; and for its failure to demur to the petition the defendant is liable for costs thereafter accrueing.

BRADSHAW & BRADSHAW for appellant.

REED & REED for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This action was instituted on what is usually termed an accident insurance policy, insuring Frank R. Farnsley against "accidental death (suicide, sane or insane not covered) *   *   * for loss of life, seven hundred dollars."

The petition after setting out plaintiff's capacity to sue, and its appointment as administrator of the estate of Frank R. Farnsley, is as follows:

"Plaintiff says that on the 4th day of December, 1912, the defendant, the Philadelphia Life Insurance Company, a corporation of Philadelphia, Pa., engaged in the life and accident insurance business, issued and de-

livered to the plaintiff's decedent its policy of insurance, under the terms of which, in consideration of one dollar and seventy-five cents to be paid monthly by the decedent, and which monthly payment for December, 1912, was paid to the defendant, the defendant undertook and obligated itself to pay his administrator in the event of his death during the life of said policy, the sum of seven hundred dollars. Plaintiff says that promptly after the death of the decedent which occurred during the life of said policy (Dec. 23, 1912) the defendant was notified in writing at its home office in the city of Philadelphia, Pa., of the death of decedent; and that the plaintiff did and performed all other acts and things which it was required and bound to do under the terms of the contract between the defendant and plaintiff's decedent. Said contract of insurance is filed herewith as a part hereof marked Exhibit "B."

The policy so filed and made part of the petition shows that defendant is obligated to pay the amount of said policy only in the event of insured's "accidental death (suicide, sane or insane not covered)." The petition contains no allegation as to the manner or cause of the death of the insured. The exhibit, therefore, contradicts and virtually destroys the petition because of·its lack of an allegation concerning the manner of the death of insured, or that same was accidental .

The answer merely traversed the petition, and skillfully avoids curing the defects thereof. Upon the trial, plaintiff introduced but two witnesses, the widow and daughter of decedent. The widow was asked as follows:

"Q. Is Capt. Frank R. Farnsley now living or dead? Q. State, if you know, of what he died? A. He was drowned. Q. When? A. Dec. 23, 1912."

The daughter was asked:

"Q. Now living or dead? A. Dead. Q. When did he die? Dec. 23, 1912."

This is all the evidence in regard to said Farnsley's death.

The defendant refused to offer any evidence. Seemingly without any motion by either party, the court instructed the jury to find for the plaintiff the sum of seven hundred dollars with interest from April 16, 1913, which they did. Thereupon, defendant filed a written motion to render judgment for it on the pleadings notwithstanding the verdict of the jury, which motion was sustained by the court, and a judgment was entered that "the

plaintiff take nothing by its petition and that the defendant do recover of the plaintiff its costs herein expended.''

It will be seen that the petition fails to show any fact or circumstance from which it can be inferred that the death of decedent was an accident, and the evidence is likewise silent upon that point, except that it shows that he was drowned, but not the manner of the drowning.

It is insisted by appellant that the evidence that he was drowned is sufficient to sustain a presumption that it was accidental death, and a number of decisions of this court are cited in support of this contention. Aetna Life Ins. Co. v. Kaiser, 74 S. W., 203, 115 Ky., 539; Union Casualty & Surety Co. v. Goddard, 76 S. W., 832, 25 R., 1035; Masonic Life, Etc., Assn. v. Pollard's Guardian, 121 Ky., 349, 89 S. W., 219. An examination of the line of authorities cited by appellant, however, demonstrates that it was shown in evidence in those cases that the insured was found dead, there being no eye witness or evidence as to the manner of death; and in such cases, the law presumes that death was accidental. Here, appellee failed to show that the manner of the death of the insured was unknown; and if the manner of death was unknown (that is, whether the drowning was accidental or suicide) that state of fact should have been proved in order that plaintiff might be entitled to the presumption that attaches to death by drowning in an unknown manner. That presumption becomes operative only after the introduction of evidence compatible either with the theory of accidental death or with the theory of suicide. In such cases, the law presumes accidental death rather than suicide. The court, therefore, properly sustained the motion of defendant for judgment upon the pleadings.

The judgment appealed from in effect dismisses the petition on defendant's objection that same fails to state a cause of action, as no trial was had of the action upon its merits and is no bar to any future action. This objection should have been made by the defendant by demurrer before or at the time of the filing of its answer; and because of its failure to demur, it is liable for all the costs arising in the lower court after the filing of said answer together with the costs in this court. Civil Code, section 93. It was, therefore, error to adjudge the costs against the appellant.

Judgment reversed for judgment as herein indicated. The whole court sitting.