## Inter-Southern Life Insurance Company v. Hinkle's Administratrix et al.

(Decided December 11, 1928.)

## Appeal from Ballard Circuit Court.

1.  Insurance.—In action on life insurance policy, in which defendant denied liability, except for amount of premiums paid with interest, on ground that insured had committed suicide, burden of proof was properly awarded to insurance company.

2.  Insurance.—In action on life policy, in which insurer defended on ground of suicide, proofs of death showing insured committed suicide, together with statements of doctor and undertaker, constituting part of such proofs, held admissible as substantive evidence as to cause or manner of insured's death.

3.  Insurance.—In action on life policy, in which insurer defended on ground that insured committed suicide, admission of parties shown by proof of death, stating death was by suicide, is not conclusive, but, if unexplained and uncontradicted, will authorize directed verdict for insurer.

4.  Insurance.—Where insurer, in action on life policy; introduces proof of death, which shows insured committed suicide, plaintiffs may be permitted to introduce competent evidence in explanation or to show that such admission was made through mistake, and does not truly disclose manner in which decedent met death.

EATON & BOYD for appellant.

R. M. SHELBOURNE and W. T. WHITE for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing.

J. W. Hinkle was the holder of a policy issued by the appellant, Inter-Southern Life Insurance Company, insuring his life in the sum of $2,000, payable to his estate upon receipt of due proof of death. His death occurred on March 10, 1927, and suit was filed by the appellees, as joint administratrix and administrator of his estate, to recover under the policy. The answer of appellant admitted the insured's death and the receipt of proper proof thereof, but denied liability, except for the amount of premiums paid, with interest, which sum was tendered and paid into court. The company alleged that he had committed suicide, and relied upon a suicide clause in the policy. It was further stated in the answer that the plaintiffs, as the personal representatives of the insured, had furnished to the company verified proofs

of death, giving the cause as "suicide by shooting with a shotgun," and had also filed statements of a physician and undertaker to the same effect. The plaintiffs by reply admitted the execution of the proofs of death, but denied that it was incumbent upon them to file such as a prerequisite of recovery. They alleged that the death of insured was caused by accidental shooting, and without any intention to destroy his own life, and in another paragraph stated that he was insane at the time. They averred that the statements in the proofs of death to the effect that he had committed suicide were based upon erroneous information, and undertook to withdraw so much thereof as indicated suicidal death. Issue was joined, and the case came to trial; the burden being properly awarded to the insurance company.

An officer of the company was introduced, and offered to testify as to the contents of the proofs of death and to file them. An objection to this testimony was sustained. F. C. Lovelace, a banker and notary public, was then called, and the proofs of death exhibited to him. The witness stated that he had made them out for the plaintiffs, personal representatives of the estate, and they had sworn to them before him. The court refused to let the papers be filed as evidence, but they were placed in the record for the purposes of appeal. Mr. Lovelace was asked if at the time the plaintiffs stated to him the cause of the death of J. W. Hinkle. Objection was sustained, and an avowal made that the witness would have answered that each of the plaintiffs stated that the cause of the death of J. W. Hinkle was suicide by shooting himself with a shotgun, which was the statement contained in the proofs of death. The defendant offering no other evidence, the court instructed the jury peremptorily to find for the plaintiff. From the judgment upon the directed verdict, this appeal is prosecuted.

The action of the lower court appears to have been controlled by the cases of Ætna Life Insurance Co. v. Kaiser, 115 Ky. 539, 74 S. W. 203, 24 Ky. Law Rep. 2454, and American Benevolent Association v. Stough, 83 S. W. 126, 26 Ky. Law Rep. 1093, which declare that proofs of death are not competent as substantive evidence as to the cause or manner of the insured's death, but may be competent for purposes of contradiction. These opinions cite no authority in their support, and give no reason for the conclusions announced. We find they are out of line with the decisions of the United States Supreme Court and of all other jurisdictions in which the question has .

been passed upon. In 7 Cooley's Briefs on Insurance, p. 5928, it is declared:

> "It may be stated as a general rule that proofs of injury or death, furnished by a beneficiary to the company, are admissible in evidence against such beneficiary as admissions by him of the truth of the statements therein contained. The reason of this rule is evident where the statement was made directly by the beneficiary."

A number of authorities are cited in support of the text. To the same effect are the texts of 33 C. J. 119, and 14 R. C. L. 1442. Moreover, we find the two cases are in conflict with at least three opinions of this court, two rendered before and one thereafter. The last case is Supreme Lodge K. of P. v. Bradley, 109 S. W. 1178, 33 Ky. Law Rep. 413, which cites the former opinions of Conn. Mut. Life Ins. Co. v. Siegel, 72 Ky. (9 Bush) 451, and Prudential Insurance Co. of America v. Breustle's Adm'r, 41 S. W. 9, 19 Ky. Law Rep. 544. In these cases more careful consideration was given to the question than appears to have been given in those just mentioned. In the Bradley case we said:

> "The competency of the proofs of loss was also free from doubt. In 2 Bacon's Benefit Societies and Life Insurance, sec. 47, it is said: 'The modern rule probably is that the proofs of loss furnished by the assured are not only evidence that the condition of the policy requiring them had been complied with, but are also to be regarded as admissions and prima facie evidence of the facts therein stated.' 3 Elliott on Evidence, secs. 2387, 2389; 2 Wigmore on Evidence, sec. 1073; Conn. Mut. Life Ins. Co. v. Siegal, 9 Bush, 451. In Prudential Insurance Company of America v. Breustle's Adm'r, 41 S. W. 9, 19 Ky. Law Rep. 544, the administrator of the insured furnished the insurer proofs of death as required by the policy, and these showed that the deceased had come to his death by his own hand and act. By the express terms of the policy such act precluded a recovery. On the trial the insurance company read in evidence to the jury the proofs of death, and rested. The court said in its opinion: 'On the trial the court put the burden on the defendant, and the only proof offered by it was the written proof of death furnished the company by the administrator, which consisted of the

certificate of the brother, accompanied by the coroner's verdict, and which showed that the death of the insured had been caused by his own hand and act. The court then instructed the jury to find for the plaintiff the amount sued for. This was error. The company had the right to refuse payment of the policy on the proof of death furnished it without inquiry as to whether the deceased in fact came to his death by his own hand or not, if the proof so furnished showed such cause of death, and no recovery could be had in the face of such proof without some satisfactory explanation of it, or until such proof and accompanying exhibits were withdrawn.' "

The Supreme Court of the United States, in Mutual Benefit Life Insurance Co. v. Newton, 22 Wall. 32, 22 L. Ed. 793, held it was error to have excluded from the jury proofs of death when offered by the company. The reasons assigned are in part as follows:

"But independently of this position the proofs presented were admissible as representations on the part of the party for whose benefit the policies were taken, as to the death and the manner of the death of the insured. They were presented to the company in compliance with the condition of the policy requiring notice and proof of the death of the insured as preliminary to the payment of the insurance money. They were intended for the action of the company, and upon their truth the company had a right to rely. Unless corrected for mistake, the insured was bound by them. Good faith and fair dealing required that she should be held to representations deliberately made until it was shown that they were made under a misapprehension of the facts, or in ignorance of material matters subsequently ascertained."

We are of the opinion that the certificate signed by the personal representatives of his estate, named as beneficiary in the policy, was competent evidence, and should have been received. Likewise the statements of the doctor and undertaker, although not parties to the litigation, were admissible, since they constitute part of the proofs of death submitted to the company, and were in effect adopted by the parties as their own admissions. The case of Ætna Life Ins. Co. v. Milward, 118 Ky. 716, 82 S. W. 364, 26 Ky. Law Rep. 589, 68 L. R. A. 285, 4 Ann.

Cas. 1092, is not at variance, as the question there considered was the competency of a verdict of a coroner's jury offered in evidence on the trial as substantive proof. The admission of the parties is not conclusive as to the manner of insured's death, but, if unexplained and uncontradicted, it would be sufficient to authorize a directed verdict for the defendant. 7 Cooley's Briefs on Insurance, p. 5941. Of course, plaintiffs may be permitted to introduce competent evidence in explanation, or showing that the admission was made through mistake, and does not truly disclose the manner in which the decedent met his death.

The opinions in Ætna Life Insurance Co. v. Kaiser, and American Benevolent Association v. Stough, supra, are hereby overruled to the extent that they are in conflict with this opinion.

The judgment is accordingly reversed for proceedings consistent herewith.