## Powers et al. v. Hardesty.

(Decided Oct. 3, 1933.)

JOE HOBSON for appellants.

J. WALTER HARDESTY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On March 1, 1927, C. T. Scott executed and delivered to Lucy Powers his promissory note for $771.25, payable eighteen months after date. For value, and before maturity, the note was indorsed and transferred to J. A. Hardesty by Lucy Powers and O. P. Powers. On June 28, 1929, Scott, the payor, paid Hardesty $112.61.

The balance due on the note not having been paid at maturity, Hardesty brought suit in the Boyd circuit court against Scott, the payor, and the indorsers, Lucy Powers and O. P. Powers, to recover on the note. Lucy Powers and O. P. Powers filed an answer and counterclaim denying in the first paragraph that they were indebted to the plaintiff in any amount, and asserting in the second paragraph a counterclaim for $1,000. Hard-

·esty demurred to the second paragraph of the answer, and also filed a reply denying its allegations. On the calling of the case for trial, Lucy Powers and O. P. Powers failed to appear and make defense, and judgment was rendered against them for the amount of the note with interest, subject to the credit of $112.61. From that judgment this appeal is prosecuted.

In order to charge Lucy Powers and O. P. Powers as indorsers it was necessary for the petition to allege that notice of dishonor was given within the time required by law (Ky. Stats. secs. 3720b-102 to 3720b-104), or that notice of dishonor was waived, or that the case was one where no notice of dishonor was required. As the petition did not allege any one of these states of fact and contained no allegation whatever on the subject of notice of dishonor, it was fatally defective, and therefore insufficient to charge the indorsers. Section 3720b-89, section 3720b-110, and section 3720b-115, Kentucky Statutes; Hoyland v. National Bank, 137 Ky. 682, 126 S. W. 356. As the answer merely alleged that the Powers were not indebted, and did not supply the omission, the defect in the petition was not cured by the answer and judgment, and, as no evidence was heard on the question, and the question was not submitted to a jury by appropriate instructions, the defect was not cured by verdict. Nor is there any merit in the contention that the defect in the petition was aided by the copy of the note, which was filed as an exhibit. The rule on the subject is that an exhibit filed under section 120, Civil Code of Practice, will aid and cure a defective allegation, but will not supply an omitted averment essential to a cause of action. Noble v. People's Stock & Poultry Feed Co., 189 Ky. 549, 225 S. W. 491; Tackett v. Pikeville Supply & Planing Mill Company, 249 Ky. 835, 61 S. W. (2d) 881.

But the point is made that the defect in the petition was waived by a failure to demur. Section 93, subsections 1 and 2, Civil Code of Practice, are as follows:

"1. A general demurrer is an objection to a pleading because it does not state facts sufficient to constitute a cause of action or a defense, or because it does not state facts sufficient to support a cause of action or a defense.

"2. Failure so to make such objection is not a waiver thereof, but a party failing to make it

when or before he files a pleading, other than a demurrer, shall be liable for all costs resulting from such failure.''

Construing these sections, we have frequently held that mere technical defects in a pleading will be waived if no demurrer be filed, but the rule is otherwise where, as here, the petition is fatally defective, and the insufficiency of the petition may be raised for the first time in this court; the only penalty being that the party failing to demur is liable for all the costs arising in the lower court after the filing of his answer, together with the costs in this court. Farnsley's Adm'r v. Philadelphia L. I. Co., 156 Ky. 699, 161 S. W. 1111; Combs v. Pridmore, 43 S. W. 681, 44 S. W. 107, 19 Ky. Law Rep. 1934.

Wherefore the judgment is reversed, and cause remanded for proceedings not inconsistent with this opinion. Appellants will pay the costs in this court and all costs accruing in the lower court after their answer was filed.