## Preece et al. v. Burns' Administrator.

(Decided April 23, 1935.)

840

C. F. SEE, Jr., for appellants.

WAUGH & HOWERTON and ELDRED E. ADAMS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellants, Philip Preece and R. C. Burton, assign three reasons why the judgment against them on a $5,000 note should not have been rendered and should now be reversed. As the last of several successive renewals they, with the three officers and only stockholders of the Hope Construction Company, as accommodation indorsers, signed its note to Mrs. Cora Burns, dated December 24, 1930, due March 15, 1931, and calling for 10 per cent. interest. The court undertook to purge the debt of usury and no question is here raised as to the amount of the judgment.

The petition merely alleges that the corporation by its president executed and delivered the note, indorsed by the five individual defendants, which was to be paid on or before March 14, 1931, by its terms "in words and figures as follows, to-wit." The note is copied in full and is in the usual form, reciting "we promise to pay," etc. It also provides, "the makers and endorsers of this note hereby waive presentment, demand and notice of dishonor." Default judgment was rendered against the company and the other three indorsers.

(1) It is insisted that the demurrer to the petition

should have been sustained, since it fails to allege there was any promise to pay the note and does not aver that any demand or presentment for payment was made, nor that protest or notice of dishonor or presentment were waived. The allegation is only that the note was executed and delivered, which is not a sufficient plea. There must be an averment of a promise to pay and the disclosure of a breach thereof. Bank of Anderson County v. Foster, 146 Ky. 179, 142 S. W. 225; Johnson v. Davis, 208 Ky. 496, 271 S. W. 551. A petition is likewise fatally defective against indorsers unless it contains an allegation of notice of dishonor within the time required by the statutes (sections 3720b-70, 3720b-102 to 3720b-104), or that such notice was waived (section 3720b-111), or the case is one where it was not required. Powers v. Hardesty, 250 Ky. 522, 63 S. W. (2d) 616. The petition before us is different from the petitions considered in the foregoing opinions in that the note is copied in and is a part of the pleading, rather than merely filed as an exhibit. There is a material difference in the consideration to be given the two respective methods of pleading. An exhibit does not supply omissions from a pleading, but if a contract is set out either verbatim or according to its operation in law or legal effect, the terms of the obligation are deemed sufficiently presented. Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401. Since the note as a part of the petition contained a promise to pay and a waiver of presentment, demand, and notice, the demurrer was properly overruled.

(2) The plea, in effect, of non est factum on the part of the principal is that the articles of incorporation of the Hope Construction Company did not authorize the borrowing of money, and that the corporation had not empowered its president by action of its board of directors to execute the note. This corporation, like many others, was but little more than a formal partnership in the way it conducted its business. There were but three stockholders, and they had no formal meetings and kept no minute books or corporate records. It appears these men simply agreed on the title of one another as the respective officers of the company and would from time to time agree on what should be done in its name. Such was the manner in which this note and its predecessors had been executed.

The articles of incorporation provided that its in-

debtedness should not exceed $50,000; that its affairs should be conducted by a vote of three directors, and that the president should be its chief executive officer. But our decision is based upon the fair and just doctrine that a corporation is bound by the acts of its officers or agents who have been held out as having the authority which they exercise, or by its custom of dealing. This is especially so where the corporation accepted the benefit of the act of its officers, as was established in this record. Not only was this note signed formally by the president of the company, but all the stockholders personally indorsed it, and the money was received and used in the company's business. The point of non est factum is without merit. Star Mills v. Bailey, 140 Ky. 194, 130 S. W. 1077, 140 Am. St. Rep. 370; First National Bank v. Bryan, 215 Ky. 338, 285 S. W. 239; Enterprise Foundry & Machine Works v. Miners' Elkhorn Coal Co., 241 Ky. 779, 45 S. W. (2d) 470.

(3) Appellants made an effort to escape liability upon the ground that the payee had extended the time of payment without their consent. Section 3720b-120, Statutes; Bradford v. Union Trust Co., 242 Ky. 709, 47 S. W. (2d) 536. This claim is predicated upon the fact that on December 26, 1930, two days after the date of the note, the company gave the payee, Mrs. Burns, $250 as interest. It is deduced that as the note bore 10 per cent., this was the payment of six months' interest in advance, which had the effect of extending its maturity some three months beyond March 15, 1931. The note does not bear any indorsement of this sum as a credit. Mrs. Burns testified it was in payment of interest already accrued on prior notes, and that she did not extend the time of payment of this note. Young and Edwards, officers of the company, testified that they "presumed" the $250 was for advance interest, and that Mrs. Burns told them that she only wanted her interest. Eighteen months or more passed before suit was brought, during which time interest or partial payments were being made. Perhaps there are some other circumstances from which appellants have drawn the conclusion there was an extension of time, but this issue was submitted to the jury and it found for the payee. That there was sufficient evidence to sustain its verdict cannot be gainsaid.

The judgment is affirmed.