## City of Lexington v. Security Trust Co.

Nov. 1, 1940.

Chester D. Adams, Judge.

Edward C. O'Rear for appellant.

Hunt, Bush & Lisle for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On September 4, 1939, the appellant, City of Lexington, (hereinafter referred to as plaintiff) filed this equity action in the Fayette circuit court against appellee, Security Trust Company (hereinafter referred to as defendant), by which plaintiff sought to recover judgment against the defendant for the total sum of $6,828.55, with interest and penalties, which plaintiff claimed was due it for taxes on unassessed property for six named years immediately prior to the filing of the action, and which defendant had omitted to reveal in the report required to be made and filed by it, as prescribed in Section 4019a-10 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The requirements of the section are for the purpose of enabling various tax assessing authorities to place taxing values on the property of banks operating in this commonwealth, and to fix the value for taxing purposes of the *shares of its stockholders*. Among the list of enumerated facts required to be stated in such report is "the amount of surplus fund and undivided profits" belonging to the bank. It was alleged in the petition that defendant failed to incorporate in its reports for the years involved the surplus or undivided profit fund owned by it and which it was required to report, by virtue of which the city of Lexington had failed to collect taxes on such omitted items and for the recovery of which the action was filed pursuant to the authority conferred by Section 3187d of our Statutes, supra.

Defendant demurred to the petition, which the court on June 24, 1939, overruled, followed later by the filing of defendant's answer consisting of twenty paragraphs. Plaintiff demurred to that pleading (or to its affirmatively defensive paragraphs), but before it was acted on Hon. Chester D. Adams succeeded Hon. King Swope (the latter of whom had overruled defendant's demurrer to the petition before the expiration of his term on January 1, 1940), and he as presiding judge of the Fayette circuit court (taking his seat on January 1, 1940) on May 11, 1940—in passing upon the demurrer of plaintiff to paragraphs of defendant's answer—carried the demurrer back to the petition, after setting aside the order of his predecessor overruling the latter demurrer, and then sustained it to the petition. Plaintiff declined to amend its pleading, followed by the dismissal of its action, to reverse which it prosecutes this appeal.

By far the larger part of appellant's brief is devoted to the sufficiency of the various paragraphs of the *answer*, to which it demurred, but which was never acted on by the court, since, as we have seen, it carried that demurrer back to the petition and sustained it to that pleading. Therefore, the record as brought here presents no question involved in any of the affirmative defenses contained in any of the paragraphs of the answer, and which leaves for determination the single question as to whether the petition as amended stated a cause of action against defendant? Before the action was filed retrospective assessments were made by the assessing authorities for the city of Lexington for each of the years involved embracing the alleged omitted items set forth in the petition and amended petition; but defendant declined to pay the taxes demanded thereon, followed by the filing of this action. Such retrospective assessments, or copies thereof, were filed as exhibits to the petition and for informative purposes we copy (omitting caption) the retrospective assessment for taxes claimed to be due from defendant for the year 1934. It is thus phrased: "1934 Items of Capital assets of Security Trust Co., omitted from Assessor's list and from assessment and taxation when the bank shares were reported and were assessed, to wit, 'Various Reserves, $51,302;' and therefore, the bank shares of Security Trust Co., to the extent of the taxable valuation of $51,302 were omitted from assessment and taxation as of July 1, 1933, and such omitted portion of said shares are now retrospectively assessed at (value) (rate) (tax)

$51,302 .60 $307.81." The others for other years are identical with that one, except as to alleged omitted amounts.

Various grounds for the sustaining of the demurrer to plaintiff's petition as amended are argued by learned counsel for defendant, one of which is that the pleadings of plaintiff demurred to nowhere allged that the city of Lexington had ever *made any levy* of taxes within the maximum amount allowed by Section 4092, supra, of our Statutes for any local purposes on the property sought to be taxed, nor does it appear that it had done so at any time prior to the retrospective assessment above referred to. We have read and re-read plaintiff's petition as amended, and we nowhere find in it any such

averment, and, therefore, the basis of this ground must be accepted as true and correct. The question, therefore, is—whether such an allegation is essential in this action to collect the taxes?

The text in 61 C. J. 1061, Section 1398, in discussing the requisites of pleading in such an action, says: "The declaration, petition, complaint, or bill must state all facts necessary to show a cause of action. * * *. The pleading should allege facts showing that the matter is within (the) jurisdiction of the Court, as to amount and venue, and it should allege *the levy and assessment of the tax.*" (Our emphasis.) Other essential allegations are prescribed therein, but it is not necessary to incorporate them herein, since questions arising therefrom are not involved. To that portion of the excerpt saying, "and it should allege the levy and assessment of the tax," there is appended in note 63 thereto cases from the courts of California, Indiana, Iowa, Kentucky, Massachusetts, Missouri, North Dakota, Rhode Island, South Carolina and Texas. The Kentucky cases contained in the note are, Louisville v. Bank of Kentucky, 3 Metc. 148; City of Louisville v. Louisville Gas Co., 22 S. W. 550, 15 Ky. Law Rep. 177; Kentucky Central R. Co. v. Commonwealth, 92 Ky. 64, 17 S. W. 196, 13 Ky. Law Rep. 484; Kentucky Central R. Co. v. Pendleton County, 2 S. W. 176, 8 Ky. Law Rep. 517. The case reported in 3rd Metcalfe was one to collect taxes and was practically on all fours with the procedure employed in this case. The petition failed to aver any proper assessment of the taxes sought to be collected. In passing upon the sufficiency of plaintiff's petition in that case, it was said by this court: "In this respect the petition was clearly defective," and for which reason its dismissal by the trial court was affirmed. In arriving at that conclusion the opinion furthermore said: "It should be expressly averred that the taxes thus claimed had been regularly and lawfully assessed upon the property, for it is only upon such assessment that they can be collected, either by distress or by the enforcement of a lien. Neither the act of 1835 nor the 16th section of the charter, supra, authorizes a lien except for taxes that have been lawfully assessed." The case of Hoozer v. Buckner, 11 B. Mon. 183, was cited in support of that holding. There can be no lawful assessment without an actual levy.

In the cited Kentucky Central Railway Company

case (92 Ky. 64, 17 S. W. 196, 197, 13 Ky. Law Rep. 484, a similar one to this one) the petition seeking to recover the tax was held to be defective for the same reason, the court saying: "There is no averment in the petition of any assessment of the property, *or of the preliminary steps necessary to its taxation*" (Our emphasis). The case of City of Louisville v. Louisville Gas Company, also cited in the volume of C. J. referred to, was another action on all fours with this one, and the court held the petition insufficient because "the law relating to the assessment *and levy* was not complied with." (Our emphasis.) Such conclusions but follow the primary rules of pleading to the effect that the pleader must show his right to the relief sought by him, and which calls for the making of every essential allegation to vest him with it. It should especially be observed and followed in actions to recover taxes, since no citizen should be burdened with or required to pay such contributions without clear authority for their demand.

But learned counsel for plaintiff—though faintly admitting or confessing the defect in their pleading referred to—seek to avoid it by contending (1) that the retrospective assessments by the assessing officer stated on their face that the rate of taxation sought to be collected for plaintiff's municipal purposes was 60 cents (for both municipal and school purposes) on the $100 valuation of the property sought to be assessed, and which cured the defect complained of in that respect; and (2) that in Section 3187d of our Statutes, supra, it is provided that the officer's assessment of the property (the retrospective assessment in this case) "shall be prima facie evidence of the due and regular assessment of the property for taxation, the levy of taxes thereon, and of every other fact and proceeding necessary to entitle the city to judgment for the taxes with all interest and penalties thereon and the costs of the action," etc. No other attempted avoidance is made, and if neither of those that were and are made is effectual for that purpose, it necessarily follows that the judgment was correct and should be affirmed. They (the avoidances) will now be disposed of in the order named.

1. A fundamental rule of pleading prevailing in this and other jurisdictions is that an exhibit may never supply an essential allegation required to be contained

in a pleading, but it may detract from allegations which a pleading may contain. That rule is so firmly established in this jurisdiction as not to require a listing of the cases so declaring, but two recent ones are Lewis, etc., v. Cooperative Association, 247 Ky. 301, 57 S. W. (2d) 8, and Powers v. Hardesty, 250 Ky. 522, 63 S. W. (2d) 616, 617. As exemplifying the applicability of the correct practice as above stated we briefly refer to the question involved in the Powers case and our disposition of it. The action therein was filed by the holder of a negotiable note under our Negotiable Instruments Act against the maker and the payees thereof, the latter of whom had endorsed it to him. The endorsers made no defense and did not appear at the trial when judgment by default was taken against them. The judgment was reversed by us on appeal by the defendants in the default judgment because the petition was defective in failing to aver presentation for payment and dishonor, with notice thereof given to the endorsers, as is required by Sections 3720b-102, to and including 3720b-104 of our present Statutes, being parts of our Negotiable Instruments Act. The note was filed as an exhibit with the petition and it was contended that it, as an exhibit, supplied the omitted necessary statements to be contained in the petition in order to enable plaintiff to recover against the endorsers. But we overruled that contention with this observation: "Nor is there any merit in the contention that the defect in the petition was aided by the copy of the note, which was filed as an exhibit. The rule on the subject is that an exhibit filed under Section 120, Civil Code of Practice, will aid and cure a defective allegation, but will not supply an omitted averment essential to a cause of action. Noble v. Peoples' Stock & Poultry Feed Company, 189 Ky. 549, 225 S. W. 491; Tackett v. Pikeville Supply & Planing Mill Company, 249 Ky. 835, 61 S. W. (2d) 881." See, also, Section 90 of our Civil Code of Practice and cases cited in note (4) thereto. Therefore avoidance (1), even if the contents of the exhibit relied on were susceptible to the construction that a levy of the taxes sought to be collected had been made for the years involved (a question extremely doubtful), still it would not possess any curative effect on the pleading to which it was filed as an exhibit. Therefore, this avoidance must be held to be insufficient and of no avail.

2. The reliance on the inserted excerpt taken from

Section 3187d of our Statutes, supra, is equally unavailable, since the provision of the statute contained therein is evidentiary *only* and is entirely unrelated to and has no effect upon proper and necessary pleading—it being everywhere held that there exists marked distinctions between *pleadings,* and proof of facts averred in them. If plaintiff had averred the fact that the taxes sought to be collected had been duly *levied,* and all other necessary and proper steps had been taken to perfect plaintiff's right to collect the tax, and such facts had been denied, then the retrospective assessment, as well as one that may have been made immediately following defendant's report, would have furnished prima facie proof of such facts, and which is the only effect to be given to the provision of the statute. We are firmly convinced that there can be no escape from that conclusion. Having found that plaintiff's petition was fatally defective in the respect indicated, it becomes unnecessary to consider other grounds relied on by defendant in support of the same conclusion, and which we feel we should not undertake to do in this opinion, since it may be that the court was influenced to sustain the demurrer for the single reason herein discussed, and at the same time entertained an opinion that the other grounds relied on for that purpose were insufficient and should be overruled. We therefore refrain from either naming or determining any of the others. The same course will be pursued with reference to the affirmative defenses set up in defendant's answer, since none of them, for the reasons hereinbefore stated, is presented on this appeal. All such non-considered and undisposed of questions are reserved.

Wherefore, the judgment is affirmed.